Annureet K. Bezwada, Bar No. 297883
abezwada@littler.com
Matt Maler, Bar No. 343580
mmaler@littler.com
LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, California 93704.2225
Telephone: 559.244.7500
Facsimile: 559.244.7525

Attorneys for Defendants
DENNY'S CORPORATION and DENNY'S INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIGO-RODRIGUEZ, an individual, | Case No. _____ |
| Plaintiff, | (Kern County Superior Court Case No. 25CUB01031) |
| v. | |
| DENNY'S CORPORATION, a Delaware Corporation; DENNY'S INC., a Florida Corporation; and DOES 1 through 100 inclusive, | **DEFENDANTS DENNY'S CORPORATION AND DENNY'S INC.'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION** |
| Defendants. | Complaint Filed: December 19, 2025 |

DEFENDANTS DENNY'S CORPORATION AND
DENNY'S INC.'S NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION

**TO THE CLERK OF THE FEDERAL DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendants Denny's Corporation and Denny's Inc. ("Defendants"), contemporaneously with the filing of this notice, hereby effects removal of the below-referenced action from the Superior Court in the State of California for the County of Kern to the United States District Court for the Eastern District of California.

This action is removed pursuant to procedures found in 28 U.S.C. sections 1441 and 1446, and removal jurisdiction is based on 28 U.S.C. section 1332 because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000.

## I.   JURISDICTION AND VENUE ARE PROPER

This is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. section 1332(a), and is one which may be removed to this Court pursuant to 28 U.S.C. section 1441(a) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below. *See* 28 U.S.C. § 1332; 28 U.S.C. § 1441(a); 28 U.S.C. § 1446(b).

Venue is proper in this Court pursuant to 28 U.S.C. sections 84(c)(3), 1391, and 1446.

## II.   STATUS OF PLEADINGS

On or about December 19, 2025, Plaintiff Rigo Rodriguez ("Plaintiff") filed a Complaint entitled *Rigo Rodriguez v. Denny's Corporation, a Delaware Corporation; Denny's, Inc., a Florida Corporation; and DOES 1 through 100 inclusive*, Case No. 25CUB01031, in the Superior Court of California, County of Kern. Plaintiff's Complaint alleges: (1) disability-based associational discrimination in violation of California Government Code section 12900, *et seq.*; (2) retaliation in violation of California Government Code section 12900, *et seq.*; (3) failure to take

LITTLER MENDELSON, P.C.
5200 North Palm Ave
Suite 320
Fresno, CA 93704.2255
559.244.7500

DEFENDANTS DENNY'S CORPORATION AND
DENNY'S INC.'S NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION

1.

reasonable steps to prevent discrimination and retaliation in violation of California Government Code section 12900, *et seq.*; (4) failure to engage in the interactive process in violation of California Government Code section 12900, *et seq.*; (5) CFRA retaliation in violation of California Government Code section 12940, *et seq.*; and (6) CFRA interference in violation of California Government Code section 12940, *et seq.*.

On or about December 24, 2025, Plaintiff served the Summons, Complaint, Civil Case Cover Sheet, Notice of Assignment to Judicial Office for All Purposes, Notice of Order to Show Cause re: California Rules of Court, Rule 3.110, and Notice of Case Management Conference, on CT Corporation System, Defendant Denny Corporation's agent for service of process. On or about December 30, 2025, Plaintiff served the Summons, Complaint, Civil Case Cover Sheet, Notice of Assignment to Judicial Office for All Purposes, Notice of Order to Show Cause re: California Rules of Court, Rule 3.110, and Notice of Case Management Conference, on CT Corporation System, Defendant Denny Inc.'s agent for service of process. All documents served upon Defendants are attached hereto as Exhibits "A" and "B" [Declaration of Annureet K. Bezwada ("Bezwada Decl."), ¶¶ 2-3.] The notices of service of process are attached hereto as Exhibits "C" and "D." [*Id.*]

To Defendants' knowledge, as of the date of this Notice of Removal, no other parties have been named or served with the Summons and Complaint in this action. [*Id.* ¶ 4.]

On or about January 22, 2026, Defendants filed their Answer to Plaintiff's Complaint in Kern County Superior Court. A true and correct copy of Defendants Answer is attached hereto as Exhibit "E." [*Id.* ¶ 5.]

To Defendants' knowledge, no proceedings have been held in this case in the Superior Court of California, County of Kern. The Case Management Conference is scheduled for April 3, 2026 at 8:30 a.m. in Division J of the Superior Court of California, County of Kern. [*Id.* ¶ 6.] No other pleading has been filed in this case. [*Id.* ¶ 7.]

LITTLER MENDELSON, P.C.
5200 North Palm Ave
Suite 320
Fresno, CA 93704.2255
559.244.7500

DEFENDANTS DENNY'S CORPORATION AND DENNY'S INC.'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

2.

## III.    NOTICE TO PLAINTIFF AND THE STATE COURT

Pursuant to 28 U.S.C. section 1446(d), contemporaneously with the filing of this Notice in the Court, written notice of such filing will be provided to Plaintiff's counsel of record, Michael J. Kent, Emily R. Pincin, and Ashley E. Kim of Kent Pincin, LLP.

A copy of the Notice of Removal will also be filed with the Clerk of the Superior Court of the County of Kern, California.

## IV.    VENUE IS PROPER

Venue is proper in this district under 28 U.S.C. section 1441(a) because this District Court embraces the place where the action was pending. Venue is also proper under 28 U.S.C. section 1391 because a substantial part of the acts and omissions allegedly occurred in this district, as set forth in Plaintiff's Complaint.

## V.    DEFENDANTS' REMOVAL IS TIMELY

This Notice to Federal Court of Removal of Civil Action is timely filed pursuant to 28 U.S.C. section 1446(b). Defendants filed this Notice within 30 days after Defendants were served with the Complaint and within one year after commencement of this action.

## VI.    COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN PLAINTIFF AND DEFENDANTS, AND THE AMOUNT IN CONTROVERSY EXCEEDS $75,0000

"Any civil action" commenced in state court is removable if it might have been brought originally in federal court. *See* 28 U.S.C. § 1441(a); *Exxon-Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 563 (2005) ("a district court has original jurisdiction of a civil action for purposes of § 1441(a) as long as it has original jurisdiction over a subset of the claims constituting the action").

Any case that could have been commenced in federal court based on diversity of citizenship can be removed from state court on this ground. *See* 28 U.S.C. § 1441(a). In order to remove a case to federal court on diversity grounds, two basic elements must be satisfied: (1) complete diversity must exist between the parties, i.e.,

LITTLER MENDELSON, P.C.
5200 North Palm Ave
Suite 320
Fresno, CA 93704.2255
559.244.7500

DEFENDANTS DENNY'S CORPORATION AND
DENNY'S INC.'S NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION

3.

Plaintiff and Defendants must be "citizens" of different states; and (2) the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332.

This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332 and which may be removed to this Court by Defendants pursuant to 28 U.S.C. section 1441(a) based on the existence of complete diversity of citizenship between the real parties to this action and on the fact that the amount of controversy exceeds $75,000.

A. **Complete Diversity of Citizenship Exists Between Plaintiff and Defendants.**

Federal diversity jurisdiction requires that all parties to the action be "citizens of different states." *See* 28 U.S.C. § 1332(a). For purposes of removal, diversity must exist both at the time the action was commenced in state court and at the time of removal. *See Strotek Corp. v. Air Transport Ass'n of America*, 300 F.3d 1129, 1331 (9th Cir. 2002).

Diversity of citizenship exists so long as no plaintiff is the citizen of the same state as any defendant at the time the action was filed and at the time of removal. For purposes of removal, the citizenship of doe defendants are disregarded and only named defendants are considered. 28 U.S.C. § 1441(a); *see Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998) (citing 28 U.S.C. § 1441(a)); *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980).

1. **Plaintiff's Citizenship**

For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v.Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place where he or she resides with the intention to remain or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

Plaintiff alleges in his Complaint that "[a]t all times relevant hereto, Plaintiff was residing in the County of Kern, State of California." Complaint, ¶ 9.

LITTLER MENDELSON, P.C.
5200 North Palm Ave
Suite 320
Fresno, CA 93704.2255
559.244.7500

DEFENDANTS DENNY'S CORPORATION AND DENNY'S INC.'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

4.

Therefore, Plaintiff resides in the State of California. *See State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *Smith v. Simmons*, No. 1:05-CV-01187-OWW-GSA, 2008 WL 744709, at *7 (E.D. Cal. Mar. 18, 2008) (place of residence creates "prima facie" domicile).

### 2. Defendants Denny's Corporation and Denny's Inc. Are Not Citizens of California

For purposes of diversity, a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Defendant Denny's Corporation is incorporated in the State of Delaware and existing under the laws of Delaware. See, Caption of Complaint; Declaration of Lisa Tetzel ("Tetzel Decl."), ¶ 6. Defendant Denny's Inc. is incorporated in the State of Florida and existing under the laws of Florida. *See*, Caption of First Amended Complaint; Tetzel Decl., ¶ 4.

The Supreme Court held that the "principal place of business" is the state where a corporation's officers direct, control, and coordinate the corporation's activities, i.e., the corporation's "nerve center." *Hertz Corp. v. Friend*, 557 U.S. 77, 92-93 (2010) (adopting the "never center" test for purposes of determining a corporation's principal place of business and noting that, in practice, the principal place of business should normally be the place where the corporation maintains its headquarters).

Defendants Denny's Corporation and Denny's Inc. are headquartered in Spartanburg, South Carolina. Tetzel Decl., ¶¶ 5, 7. Defendants Denny's Corporation and Denny's Inc. perform the majority of their executive and administrative functions at their respective headquarters located in Spartanburg, South Carolina. Tetzel Decl., ¶¶ 5, 7. Their respective headquarters is the place where Defendants respective

LITTLER MENDELSON, P.C.
5200 North Palm Ave
Suite 320
Fresno, CA  93704.2255
559.244.7500

DEFENDANTS DENNY'S CORPORATION AND
DENNY'S INC.'S NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION

5.

officers direct, control, and coordinate their respective corporate activities.  [*Id.*]

### 3. The Parties are Diverse

Based on the foregoing, diversity is established between Plaintiff and Defendants because Plaintiff is a citizen of California, Defendant Denny's Corporation is a citizen of Delaware and South Carolina, and Defendant Denny's Inc. is a citizen of Florida and South Carolina.

### B. The Amount in Controversy Exceeds $75,000

Plaintiff's Complaint is silent as to the total amount of damages; however, a reasonable reading of Plaintiff's Complaint is sufficient to indicate that the sought-after relief undoubtedly exceeds the $75,000 threshold required pursuant to 28 U.S.C. section 1332(a). *See Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1043 (Where the initial pleading seeks nonmonetary relief, the notice of removal may assert the amount in controversy).

Defendants deny the validity and merit of the entirety of Plaintiff's alleged claims, the legal theories upon which they are ostensibly based, and the alleged claims for monetary and other relief that flow therefrom.  However, for purposes of removal only, and without conceding that Plaintiff is entitled to any damages or penalties whatsoever, it is readily apparent that the aggregated claims of Plaintiff establish an amount in controversy well in excess of the jurisdiction minimum of $75,000.  For purposes of determining whether the minimum amount in controversy has been satisfied, the Court must look to the allegations of Plaintiff's Complaint and presume that Plaintiff will prevail on his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (stating the amount in controversy analysis presumes that "plaintiff prevails on liability")).  In other words, "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010); *see also Rippee v. Boston Mkt.*

LITTLER MENDELSON, P.C.
5200 North Palm Ave
Suite 320
Fresno, CA 93704.2255
559.244.7500

DEFENDANTS DENNY'S CORPORATION AND
DENNY'S INC.'S NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION

6.

*Corp.*, 408 F.Supp.2d 982, 986 (S.D. Cal. 2005).

Diversity jurisdiction exists only "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *see Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) ("amount-in-controversy threshold [is] an ingredient of subject-matter jurisdiction"). Where the amount in controversy is in dispute, a reviewing court may consider facts presented in the removal petition. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). Further, all claims may be aggregated to meet the minimum jurisdictional amount. *See Bank of California v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972).

Therefore, although Defendants deny liability for the damages alleged in Plaintiff's Complaint, based on the causes of action alleged in the Complaint and his prayer for relief,[1] should Plaintiff prevail, he could be entitled to lost compensation from the time of the alleged adverse action until the date of judgment. Cal. Gov't Code § 12965.

### 1.    Compensatory Damages At Issue

Compensatory damages are considered when determining the amount in controversy. *Bell v. Preferred Life Assurance Soc'y of Alabama*, 320 U.S. 238, 240 (1943). Here, Plaintiff seeks compensatory damages including lost income, lost benefits, and lost earning capacity, including "pre-judgment" thereon. (*See* Complaint.) Plaintiff's employment was terminated on or about June 20, 2025. (*See* Complaint, ¶¶ 15, 23.) At the time of his termination, Plaintiff was a part-time cook at a Denny's location in Kern County, California. (*See id.*, ¶ 15.)

At the time of his termination, Plaintiff was employed as a part-time line

---

[1] In the Prayer section of his Complaint, Plaintiff seeks general/non-economic damages; loss of wages, income, earning, earning capacity, benefits and other economic damages; other actual, consequential, special, and/or incidental damages; attorney fees and costs of suit; pre-judgment interest; and for such other and further relief as the Court deems just and proper. (*See* "Prayer" section of Plaintiff's Complaint.)

LITTLER MENDELSON, P.C.
5200 North Palm Ave
Suite 320
Fresno, CA 93704.2255
559.244.7500

DEFENDANTS DENNY'S CORPORATION AND
DENNY'S INC.'S NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION

7.

book working approximately 13 hours per week paid on a weekly basis at the time of his termination. Tetzel Decl., ¶ 8. Between January 1, 2025 and June 20, 2025, Plaintiff's hourly rate of pay was $19.50 per hour, and, during the 2024 year, he earned gross wages of about $31,400. Tetzel Decl., ¶ 9. Thus, Plaintiff earned approximately $2,616.67 per month in 2024.[2]

Based on this calculation and as of the date of Plaintiff's filing of his Complaint, Plaintiff seeks approximately twenty-six weeks of back pay, totaling approximately $17,000.[3]  Plaintiff also alleges: "Plaintiff has suffered both general and special damages. Plaintiff has also suffered losses in earning and other employment benefits, as well as non-economic injury.  Plaintiff's damages are continuing and in an amount not yet determined, but in excess of $35,000." (Complaint, ¶ 24.) Moreover, if the case proceeds to trial a year from now, January 2027, and Plaintiff remains unemployed, he will be seeking at least another year of lost wages and benefits for an additional $31,400, or total back pay of $48,400.[4]

Front pay awards in California frequently span a number of years. *See Smith v. Brown-Forma Distillers Corp.*, 196 Cal.App.3d 503, 518 (1989) (front pay until mandatory retirement age reached); *Rabaga-Alvarez v. Dart Indus., Inc.*, 55 Cal.App.3d 91, 92 (1976) (four years of front pay awarded); *Drzewiecki v. H&R Block, Inc.*, 24 Cal.App.3d 695, 705 (1972) (ten years of front pay awarded).  Even conservatively estimating that Plaintiff seeks front pay benefits for only two years after trial, the amount of future wages in controversy in this case would total at least an additional $62,800.[5]  Thus, it may reasonably be estimated that Plaintiff's claims involve claims of back pay and front pay, which alone totals $111,200.[6]

---

[2] This figure is calculated by dividing Plaintiff's approximate annual earnings (salary plus benefits and bonus) by twelve.

[3] This figure is calculated by multiplying the weekly pay by twenty-six.

[4] This figure represents the sum of back pay through June 20, 2025, previously calculated plus a year of wages and benefits.

[5] This figure is reached by multiplying Plaintiff's approximate gross yearly salary and benefits by two years.

[6] This figure is the aggregate of two years of potential future wages combined with the lost wages previously calculated.

LITTLER MENDELSON, P.C.
5200 North Palm Ave
Suite 320
Fresno, CA 93704.2255
559.244.7500

DEFENDANTS DENNY'S CORPORATION AND
DENNY'S INC.'S NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION

8.

Plaintiff also seeks prejudgment interest on the alleged lost income and lost benefits.  [*See* Complaint, Prayer For Relief.]

## 2.      Non-Economic and Punitive Damages At Issue

Again, Plaintiff claims to have "suffered emotional distress" and seeks "general damages".  [Complaint, ¶¶ 31, 39, 45, 53, 59, 68; Prayer.]  Plaintiff specially claims that he "has suffered and continues to suffer non-economic damages including emotional distress, anxiety, humiliation, and loss of enjoyment of life." (*Id.*) *See Ajimetanrareje v. Metropolitan Life Ins. Co.*, 1999 WL 319216, at *3 (emotional distress damages "may be considered in the amount in controversy even when not clearly pled in the complaint"); *Conrad Associates v. Hartford Acc. & Indem. Co.*, 994 F.Supp. 1196, 1200 (N.D. Cal. 1998); *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1033-34 (N.D. Cal. 2002) (acknowledging that while the plaintiff was only employed by the defendant for four months, "emotional distress damages in a successful employment discrimination case may be substantial"); *Kroske v. U.S. Bank Corporation*, 432 F.3d 976 (9th Cri. 2005) (Ninth Circuit reasoned that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim").

"To establish probable emotional distress damages, a defendant may introduce evidence of jury verdicts from cases with analogous facts." *Daley v. Walmart Stores, Inc.*, 2018 WL 3104630, at *5 (C.D. Cal. 2018) (citing *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002)).  The median jury award in disability discrimination cases is in excess of $75,000.

1. In *Vince v. City of Los Angeles et al.*, 2023 WL 5535623 (Cal. Super.), a police officer sued for associational discrimination where her husband, also a police officer, underwent a back surgery, sued the Los Angeles police department, and, as a result, the plaintiff faced adverse employment action due to her association with her husband. The jury awarded $9,000,000 for emotional distress damages. Def's

LITTLER MENDELSON, P.C.
5200 North Palm Ave
Suite 320
Fresno, CA  93704.2255
559.244.7500

DEFENDANTS DENNY'S CORPORATION AND
DENNY'S INC.'S NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION

9.

RJN, ¶ 1, Ex. 1.

2.  In *Buron v. Occupational Health Ctrs. Of California et al.*, 2023 WL 11817885, a plaintiff sued for associational discrimination and CFRA retaliation where she took leave to care for her disabled son, was reduced from full-time employment to as-needed shifts upon her return from leave, and the employer stopped offering her shifts after she sued. The jury awarded $1,562,000 in past and future emotional distress. Def's RJN, ¶ 2, Ex. 2.

3.  In *Gabriel Fajardo v. City of Los Angeles*, 20STCV27886, a jury awarded a plaintiff $511,863 in past and future emotional distress damages where the jury found the employer liable for failure to prevent harassment, discrimination, or retaliation where the plaintiff claimed, in part, that he was exercised leave to care for his disabled son.[7] Def's RJN, ¶ 3, Ex. 3.

Even using only the Ninth Circuit's decision in *Kroske* as a baseline, the emotional distress component of Plaintiff's claims could add at least $25,000 to the amount in controversy in this case, if not more.  Notwithstanding, by Plaintiff's own account the amount in controversy on December 19, 2025, the day the Complaint was filed, was already in excess of $35,000 considering both general and special damages. (*See* Complaint, ¶ 24.)

Although Defendant vigorously denies Plaintiff's allegations, if Plaintiff were to prevail on one of his claims and establish the requisite state of mind, the non-economic damages alone could exceed the jurisdictional minimum.

### 3.    Attorney's Fees At Issue

Plaintiff's Complaint also seeks attorney's fees.  (*See* Complaint, ¶¶ 33, 41, 47, 54, 60; Prayer for Relief.)  "The amount in controversy may include damages .

---

[7] Though the verdict in this case was overturned due to irreconcilable inconsistencies in the jury's verdict, the fact that the jury awarded this amount remains proof of the potential emotional distress liability in this case.

LITTLER MENDELSON, P.C.
5200 North Palm Ave
Suite 320
Fresno, CA  93704.2255
559.244.7500

DEFENDANTS DENNY'S CORPORATION AND
DENNY'S INC.'S NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION

10.

. . as well as attorneys' fees under fee shifting statutes." *Chavez v. JPMorgan Chase &Co.*, 888 F.3d 413, 416 (9th Cir. 2018) (internal quotation marks and citation omitted); *see also Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"); *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1010-11 (N.D. Cal. 2002) (court may estimate the amount of reasonable attorneys' fees likely to be recovered by a plaintiff if she were to prevail in determining whether amount in controversy exceeds $75,000). Causes of action under the Fair Employment and Housing Act ("FEHA") allow for the recovery of attorneys' fees. *See* Cal. Gov't Code § 12965(b).

While Plaintiff's attorneys' fees cannot be precisely calculated, it is reasonable to assume that they could exceed any damages award. *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1034-35 (N.D. Cal. 2002) (holding that attorney's fees are projected at the time of removal and include the entire lifespan of the case for purposes of determining the amount in controversy). Moreover, an estimate of a potential award of attorney's fees may be based on those that have been made in similar cases. *See Sasso v. Noble Utah Long Beach, LLC*, 2015 WL 898468, at *5 (C.D. Cal. 2015); *see also Beaty v. BET Holdings, Inc.*, 222 F.3d 607 (9th Cir. 2000) (recognizing that an award of attorneys' fees of $376,520 may be appropriate in a discrimination case where the jury awarded compensatory damages of only $30,000, but remanding to district court because the record was unclear whether and in what manner the district court had exercised its discretion to consider reducing the amount of fees claimed by the plaintiff).

Moreover, similar cases demonstrate that a likely attorney's fees award would far outstrip the jurisdictional minimum. In *Azzolin v. San Bernardino Cnty. Sheriff's Dept.*, No. CIVDS1206805 (Cal. Super. Ct. Aug. 4, 2014), a jury found the employer liable for disability discrimination, failure to engage in the interactive

LITTLER MENDELSON, P.C.
5200 North Palm Ave
Suite 320
Fresno, CA  93704.2255
559.244.7500

DEFENDANTS DENNY'S CORPORATION AND
DENNY'S INC.'S NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION

11.

process, and failure to accommodate, and the employer was liable for $506,313 in attorney's fees. Def's RJN, ¶ 4, Ex. 4. In *Carrillo v. County of Orange*, No. 07CC02038 (Cal. Super. Ct. July 6, 2009), a jury found an employer discriminated against a plaintiff based on his own disability, and the employer was liable for $246,060 in attorney's fees. Def's RJN, ¶ 5, Ex. 5.

Plaintiff's alleged causes of action are brought pursuant to FEHA, and therefore and in consideration of recent jury awards in matters with analogous facts, Plaintiff's attorneys' fees alone could be in excess of the $75,000 jurisdictional minimum.

**4.      In the Aggregate, the Amount in Controversy Exceeds $75,000**

By virtue of the claims Plaintiff has asserted in this case, the preponderance of the evidence clearly establishes that Plaintiff has placed well in excess of $75,000 "in controversy" and thus removal is proper and required. *Cf. Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992).

**VII.   CONCLUSION**

Accordingly, this lawsuit is one that may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. sections 1441 and 1446, because this Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. section 1332.

Dated:   January 23, 2026

Annureet K. Bezwada
Matt Maler
LITTLER MENDELSON, P.C.

Attorneys for Defendants
DENNY'S CORPORATION and
DENNY'S INC.

LITTLER MENDELSON, P.C.
5200 North Palm Ave
Suite 320
Fresno, CA 93704.2255
559.244.7500

DEFENDANTS DENNY'S CORPORATION AND
DENNY'S INC.'S NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION

12.

# EXHIBIT A

Wolters Kluwer

## Service of Process Transmittal Summary

**TO:**   Raeann Skidmore
Denny's Corporation
203 E MAIN ST
SPARTANBURG, SC 29319-0003

**RE:**   **Process Served in California**

**FOR:**   Denny's Corporation  (Domestic State: DE)

### ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | Re: RIGO RODRIGUEZ, an Individual // To: Denny's Corporation |
| **CASE #:** | 25CUB01031 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 12/24/2025 at 12:35 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Kelly Land  KLand@Dennys.com |
| | Email Notification,  Tanya Waters  twaters@dennys.com |
| | Email Notification,  RACHEL FOWLER  rfowler-gist@dennys.com |
| | Email Notification,  Delia Barcelo  dbarcelo@dennys.com |
| | Email Notification,  Jasmine Taylor  jtaylor@dennys.com |
| | Email Notification,  Raeann Skidmore  rskidmore@dennys.com |
| | Email Notification,  Andy Sippel  asippel@dennys.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System
330 N BRAND BLVD
STE 700
GLENDALE, CA 91203
866-539-8692
CorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



## PROCESS SERVER DELIVERY DETAILS

**Date:**                                           Wed, Dec 24, 2025
**Server Name:**                                    Jimmy Lizama

| Entity Served | DENNY'S CORPORATION |
|---|---|
| Case Number | 25CUB01031 |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |



SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Denny's Corporation., a Delaware Corporation; Denny's INC., a Florida Corporation; and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Rigo Rodriguez, an Individual

**ELECTRONICALLY FILED**
Superior Court of California,
County of Kern
By: Vanesa Mata
Deputy Clerk
**12/19/25 4:05 PM**

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is: Metro Justice Building
*(El nombre y dirección de la corte es)* Superior Court of California, County of Kern
1215 Truxtun Ave
Bakerfield, CA 93301

**CASE NUMBER:**
*(Número del Caso)* **25CUB01031**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ashley E Kim, 339240                                    (310) 474-4991
Kent | Pincin, 120 Fisherman's Wharf, Redondo Beach, CA 90277

**DATE:**
*(Fecha)* **12/19/2025**          Tara Leal          Clerk, by **Vanesa Mata**          , Deputy
                                                    *(Secretario)* _____          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* DENNY'S CORPORATION., a Delaware Corporation

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Michael J. Kent, Esq. (SBN 298564)
Emily R. Pincin, Esq. (SBN 334566)
Ashley E. Kim, Esq. (SBN 339240)
**KENT | PINCIN, LLP**
120 Fisherman's Wharf
Redondo Beach, CA 90277
Tel: (310) 474-4991
E-mail: mjk@kentpincinlaw.com
E-mail: erp@kentpincinlaw.com
E-mail: aed@kentpincinlaw.com

*Attorneys for Plaintiff*
RIGO RODRIGUEZ

**ELECTRONICALLY FILED**
Superior Court of California,
County of Kern
By: Alexandra Valles-Guerrero
Deputy Clerk
**12/19/25 10:00 AM**

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF KERN

| | |
|---|---|
| RIGO RODRIGUEZ, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>DENNY'S CORPORATION., a Delaware Corporation; DENNY'S INC., a Florida Corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.:   25CUB01031<br><br>[Unlimited Civil Case]<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Discrimination (Gov't C. §§ 12900, *et seq.*);<br>2. Retaliation (Gov't C. §§ 12900, *et seq.*);<br>3. Failure to Take Reasonable Steps to Prevent Discrimination and Retaliation (Gov't C. §§ 12900, *et seq.*);<br>4. Failure to Engage in the Interactive Process (Gov't C. §§ 12900, *et seq.*);<br>5. CFRA Retaliation (Gov't C. §§ 12940, *et seq.*); and<br>6. CFRA Interference (Gov't C. §§ 12940, *et seq.*).<br><br>**DEMAND FOR JURY TRIAL** |

## THE PARTIES

1.      Plaintiff RIGO RODRIGUEZ ("Rodriguez" or "Plaintiff") is an individual and competent adult who was employed by Defendants DENNY'S CORPORATION, DENNY'S INC. ("Defendants"), and/or DOES 1 through 10, inclusive, and each of them, until her unlawful termination.

1

Complaint for Damages

2.    Plaintiff is informed and believes, and based thereon alleges, that Defendant DENNY'S CORPORATION is a Delaware Corporation with its principal place of business and corporate headquarters in the State of South Carolina. At all times relevant hereto, DENNY'S CORPORATION did and does substantial business in the State of California, including in the County of Kern, and operates locations throughout the State of California.

3.    Plaintiff is informed and believes, and based thereon alleges, that Defendant DENNY'S INC. is a Florida Corporation with its principal place of business and corporate headquarters in the State of South Carolina. At all times relevant hereto, DENNY'S INC. did and does substantial business in the State of California, including in the County of Kern, and operates locations throughout the State of California.

4.    Plaintiff is informed and believes, and based thereon alleges, that Defendants DOES 1 through 100, inclusive, and each of them, at all times relevant hereto, were individuals or public, business, and/or other entities whose form is unknown committing torts in and/or engaged in purposeful economic activity within the County of Kern, State of California.

5.    The true names and capacities of Defendants DOES 1 through 100, and each of them, whether individual, corporate, associate, or otherwise, are unknown to Plaintiff at this time, therefore Plaintiff sues said Defendants by such fictitious names. Plaintiff will file DOE amendments and/or seek leave of court to amend this complaint to assert the true names and capacities of these Defendants when they have been ascertained. Plaintiff is informed and believes, and upon such information and belief alleges, that each Defendant herein designated as a DOE was and is in some manner negligently, wrongfully, or otherwise responsible and liable to Plaintiff for the injuries and damages hereinafter alleged, and that Plaintiff's damages as herein alleged were proximately caused by their conduct.

6.    Plaintiff is informed and believes, and thereon alleges, that at all times material herein, Defendants, and each of them, were the agents, servants, or employees, or ostensible agents, servants, and employees of each other Defendant, and as such, were acting within the course and scope of said agency and employment or ostensible agency and employment, except on

those occasions when Defendants were acting as principals, in which case, said Defendants, and each of them, were negligent in the selection, hiring, and use of the other Defendants.

7. At all times mentioned herein, each Defendant was the co-tortfeasor of each other Defendant in doing the things hereinafter alleged.

8. Plaintiff is further informed and believes, that at all times relevant hereto, Defendants, and each of them, acted in concert and in furtherance of the interests of each other Defendant. The conduct of each Defendant combined and cooperated with the conduct of each of the remaining Defendants so as to cause the herein described incidents and the resulting injuries and damages to Plaintiff.

## VENUE AND JURISDICTION

9. At all times relevant hereto, Plaintiff was residing in the County of Kern, State of California.

10. At all times relevant hereto, Defendant DENNY'S CORPORATION is and was a Delaware corporation with its principal place of business in the State of South Carolina. At all times relevant hereto, DENNY'S CORPORATION did and does substantial business in the State of California, including in the County of Kern. Defendant did and does generate substantial profits in the State of California.

11. At all times relevant hereto, Defendant DENNY'S INC. is and was a Florida corporation with its principal place of business in the State of South Carolina. At all times relevant hereto, DENNY'S INC. did and does substantial business in the State of California, including in the County of Kern. Defendant did and does generate substantial profits in the State of California.

12. Plaintiff is informed and believes, and based thereon alleges, that Defendants DOES 1 through 100, and each of them, were residents of and were doing business in the County of Kern, State of California at all times relevant hereto.

13. This Court is the proper court because at least one Defendant has sufficient minimum ties to the jurisdictional area, and the events and circumstances giving rise to this claim occurred in the jurisdictional area.

14.    Plaintiff has complied with and/or exhausted any applicable claims statutes and/or administrative and/or internal remedies and/or grievance procedures, and/or is excused from complying therewith.  Plaintiff filed a complaint with the California Civil Rights Department on December 18, 2025, and he received a right to sue notice that same date.

## GENERAL ALLEGATIONS

15.    Between approximately December 10, 2022, and until his unlawful termination on or around June 20, 2025, Plaintiff was employed by Defendants. At the time of his termination, Plaintiff was a part-time cook.

16.    During his tenure with Defendant, Plaintiff performed his job duties in a competent fashion and capably performed each and every condition of his employment agreement. Plaintiff was qualified for his position by reason of his experience and training.

17.    On or around June 4, 2025, Plaintiff engaged in protected activity when he advised his supervisor Melissa Hernandez of a family medical emergency involving his daughter and her mental health issues. Supervisor Hernandez verbally approved his leave request so that he could tend to his daughter who was going through a mental health crisis, and instructed Plaintiff to contact her when he was able to return.

18.    Approximately two weeks later, Plaintiff contacted Supervisor Hernandez informing her that he was ready to return to work. In discrimination and/or retaliation, despite approving his leave request to tend to his family's medical emergency, Supervisor Hernandez informed Plaintiff only that she would "see what she could do."

19.    Thereafter, Plaintiff continued to follow up approximately once a week with Supervisor Hernandez regarding his return to work.

20.    In or around the beginning of July 2025, Supervisor Hernandez finally responded to Plaintiff's multiple requests to return to work.  Supervisor Hernandez informed Plaintiff that she would "try" to get Plaintiff on schedule three days a week. Plaintiff agreed to this proposal, notwithstanding his initial understanding that he would be permitted to return to his regular work schedule following his necessary leave to care for a child who had a serious health condition/disability.

4
Complaint for Damages

21.     In further discrimination and/or retaliation, Supervisor Hernandez did not place Plaintiff on the work schedule; thus, Plaintiff followed up again with Supervisor Hernandez asking when he would be placed on schedule to work. In further discrimination and/or retaliation, Supervisor Hernandez did not respond to Plaintiff's requests.

22.     From mid-June 2025 to approximately August 2025, in further discrimination and/or retaliation, Plaintiff was not placed on the work schedule, received no communication from Human Resources, received no write-ups, performance plans, or a termination letter. As such, by the end of August 2025, Plaintiff understood and reasonably believed that he had been terminated from his employment.

23.     Plaintiff later learned that Defendant had terminated him on June 20, 2025, despite never notifying Plaintiff of his termination.

24.     Plaintiff's career has been materially and adversely affected, harmed, and damaged by the conduct of Defendants. Plaintiff has suffered both general and special damages. Plaintiff has also suffered losses in earnings and other employment benefits, as well as non-economic injury. Plaintiff's damages are continuing and in an amount not yet determined, but in excess of $35,000.

25.     Defendants' conduct was a violation of Plaintiff's rights under both state and federal law, including but not limited to the Fair Employment and Housing Act (CAL. GOV'T C. §§ 12940, et seq. ("FEHA")). The wrongful conduct of Defendants, and each of them, is continuing and ongoing as of the present date.

## FIRST CAUSE OF ACTION

## BY PLAINTIFF AGAINST ALL DEFENDANTS

DISCRIMINATION IN VIOLATION OF FEHA (CAL. GOV'T C. §§ 12900, *ET SEQ.*)

26.     Plaintiff re-alleges and incorporates by reference each allegation contained above as though fully set forth herein again.

27.     At all times herein mentioned, Government Code §§ 12900, et seq., including Government Code § 12940, was in full force and effect and was binding upon Defendants, and each of them.

Complaint for Damages

28. At all times herein mentioned, Plaintiff was in the protected class of persons based on his association with individuals with disabilities, disability, and/or perceived disability, and was one who engaged in protected activities contemplated by Government Code §§ 12940, *et seq.* Plaintiff is informed and believes that Defendants, and each of them, discriminated against him based on his association with an individual with disabilities, disability, and/or perceived disability, and for generally attempting to protect and secure his rights and the rights of other under the FEHA.

29. Commencing before and during June 2025, and continuing to the present, Defendants created and allowed to exist a discriminatory environment based on association with individuals who have disabilities, disability, and/or perceived disability, and discriminated against Plaintiff on the basis of his association with individuals who have disabilities, disability, and/or perceived disability, and for generally attempting to protect and secure his rights and the rights of other under the FEHA. Such discrimination was in violation of Government Code §§ 12940, *et seq.* and the public policy embodied therein.

30. At all times herein mentioned, Defendants, and each of them, had actual and/or constructive knowledge of the discriminatory conduct levied against Plaintiff by Defendants, fellow employees, and superiors. Moreover, such discriminatory conduct was also conducted and/or condoned by Defendants, and each of them.

31. As a direct, foreseeable, and proximate result of Defendants' discriminatory conduct and failure to act, Plaintiff suffered emotional distress and general damages.

32. As a direct, foreseeable, and proximate result of the Defendants' discriminatory conduct, Plaintiff suffered and continues to suffer losses in earnings and other employment benefits all to his damage in an amount in excess of the minimum jurisdictional limits of this court, the precise amount of which will be proven at trial.

33. As a further legal result of the above-described conduct of Defendants, and each of them, Plaintiff has and will continue to incur attorneys' fees and costs in an amount according to proof.

///

Complaint for Damages

## SECOND CAUSE OF ACTION

## BY PLAINTIFF AGAINST ALL DEFENDANTS

RETALIATION IN VIOLATION OF FEHA (CAL. GOV'T C. §§ 12900, *ET SEQ.*)

34. Plaintiff re-alleges and incorporates by reference each allegation contained above as though fully set forth herein again.

35. At all times herein mentioned, Government Code §§ 12900, *et seq.*, including Government Code § 12940, was in full force and effect and were binding upon Defendants, and each of them. Said sections required Defendants, and each of them, to refrain from retaliating against an employee for his or her opposition to employment practices prohibited under the FEHA, as well as for requesting a reasonable accommodation and for taking or attempting to take leave under the CFRA.

36. At all times herein mentioned, Plaintiff was in the protected class of persons based on his association with an individual with disabilities, disability, and/or perceived disability, and is an individual who engaged in protected activities contemplated by Government Code §§ 12940, *et seq.* Plaintiff is informed and believes that Defendants, and each of them, retaliated against Plaintiff for attempting to seek and/or take protected leave, for seeking and/or taking CFRA leave, and for generally attempting to protect and secure his rights under the FEHA.

37. Commencing before and during June 2025, and continuing to the present, Defendants retaliated against Plaintiff on the basis of his protected activity and based on his association with an individual with disabilities, disability, and/or perceived disability, including for attempting to seek and/or take CFRA leave, and for generally attempting to protect and secure his rights under the FEHA. Such retaliation was in violation of Government Code §§ 12940, *et seq.* and the public policy embodied therein. Defendant discriminated and retaliated against Plaintiff based upon his association with an individual with disabilities, disability, and/or perceived disability, and retaliated against Plaintiff for engaging in protected activity as outlined herein.

38. At all times herein mentioned, Defendants, and each of them, had actual and/or constructive knowledge of the retaliatory conduct levied against Plaintiff by Defendants, fellow

employees, and superiors. Moreover, such retaliation and discriminatory conduct was also conducted and/or condoned by Defendants, and each of them.

39. As a direct, foreseeable, and proximate result of Defendants' discriminatory and retaliatory conduct and failure to act, Plaintiff suffered emotional distress and general damages.

40. As a direct, foreseeable, and proximate result of the Defendants' discriminatory and retaliatory conduct, Plaintiff suffered and continues to suffer losses in earnings and other employment benefits all to his damage in an amount in excess of the minimum jurisdictional limits of this court, the precise amount of which will be proven at trial.

41. As a further legal result of the above-described conduct of Defendants, and each of them, Plaintiff has and will continue to incur attorneys' fees and costs in an amount according to proof.

## THIRD CAUSE OF ACTION

## BY PLAINTIFF AGAINST ALL DEFENDANTS

FAILURE TO PREVENT DISCRIMINATION AND RETALIATION

IN VIOLATION OF FEHA (CAL. GOV'T C. §§ 12900, *ET SEQ.*)

42. Plaintiff re-alleges and incorporates by reference each allegation contained above as though fully set forth herein again.

43. At all times mentioned herein, Government Code §§ 12900, *et seq.*, was in full force and effect and was fully binding upon Defendants. Specifically, section 12940(k) makes it an unlawful employment practice for an employer to fail to take all reasonable steps necessary to prevent discrimination based on an employee's protected class(es) and retaliation based on an employee's protected activity.

44. Plaintiff was subjected to discrimination and retaliation in the workplace, and Defendants, having knowledge of same, failed to take all reasonable steps to prevent the discrimination and retaliation by subjecting Plaintiff to adverse employment actions, including but not limited to failing to provide benefits of CFRA, denying and interfering with benefits of the job including CFRA leave to Plaintiff, and terminating him, amongst other adverse actions.

45.    As a direct, foreseeable, and proximate result of Defendants' discriminatory conduct and failure to act, Plaintiff suffered emotional distress and general damages.

46.    As a direct, foreseeable, and proximate result of the Defendants' discriminatory conduct, Plaintiff suffered and continues to suffer losses in earnings and other employment benefits all to his damage in an amount in excess of the minimum jurisdictional limits of this court, the precise amount of which will be proven at trial.

47.    As a further legal result of the above-described conduct of Defendants, and each of them, Plaintiff has and will continue to incur attorneys' fees and costs in an amount according to proof.

## FOURTH CAUSE OF ACTION

### BY PLAINTIFF AGAINST ALL DEFENDANTS

FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN

VIOLATION OF FEHA (CAL. GOV'T C. § 12940(n))

48.    Plaintiff re-alleges and incorporates by reference each allegation contained above as though fully set forth herein again.

49.    At all times herein mentioned, Government Code § 12940(n) was in full force and effect and was binding upon Defendants.

50.    At all times herein mentioned, Plaintiff was in the protected class of persons based on his association with individuals with disabilities, disability, and/or perceived disability. Defendants knew of Plaintiff's association with individuals with disabilities, disability, and/or perceived disability.

51.    Plaintiff was willing to participate in an interactive process to determine whether reasonable accommodations could be made so that he would be able to perform the essential job functions.

52.    Defendant could have made a reasonable accommodation when the interactive process should have taken place. Instead, Defendant discriminated and retaliated against Plaintiff based upon his association with individuals with disabilities, disability, and/or perceived disability and subjected him to one or more adverse actions based thereon, including termination.

9

Complaint for Damages

53.    As a direct, foreseeable, and proximate result of Defendants' discriminatory conduct and failure to act, Plaintiff suffered emotional distress, general damages, losses in earnings, and other employment benefits all to his damage in an amount in excess of the minimum jurisdictional limits of this court, the precise amount of which will be proven at trial.

54.    As a further legal result of the above-described conduct of Defendants, Plaintiff has and will continue to incur attorneys' fees and costs in an amount according to proof.

## FIFTH CAUSE OF ACTION

## BY PLAINTIFF AGAINST ALL DEFENDANTS

RETALIATION IN VIOLATION OF THE CFRA (CAL. GOV'T C. §§ 12945.2, *ET SEQ.*)

55.    Plaintiff re-alleges and incorporates by reference each allegation contained above as though fully set forth herein again.

56.    At all times relevant hereto, Government Code §§ 12945.2, *et seq.* was in full force and effect and was binding upon Defendants, and each of them.  Specifically, Government Code § 12945.2, also known as the CFRA, provides that, "[i]t shall be an unlawful employment practice for an employer to refuse to hire, or to discharge, fine, suspend, expel, or discriminate against, any individual because of ... an individual's exercise of the right to family care and medical leave ... ," including for taking such leave to care for a family member with a serious health condition. (Gov't C. § 12945.2(k), (a)-(b).)

57.    Defendant is and was a qualified employer under the CFRA.  At all times relevant hereto, Plaintiff was an employee eligible for CFRA leave to care for his family member who had a serious health condition. Plaintiff timely and properly requested CFRA leave to care for his daughter who was undergoing a serious health condition.

58.    Defendants violated the CFRA by, *inter alia*, discriminating against, retaliating against, and substantially changing the terms and conditions of Plaintiff's employment because he requested and/or took CFRA leave.

59.    As a direct, foreseeable, and proximate result of Defendants' discriminatory/retaliatory conduct and failure to act, Plaintiff suffered emotional distress, general damages, losses in earnings, and other employment benefits all to his damage in an amount in

10

Complaint for Damages

excess of the minimum jurisdictional limits of this court, the precise amount of which will be proven at trial.

60.     As a further legal result of the above-described conduct of Defendants, and each of them, Plaintiff has and will continue to incur attorneys' fees and costs in an amount according to proof.

## SIXTH CAUSE OF ACTION

## BY PLAINTIFF AGAINST ALL DEFENDANTS

INTERFERENCE WITH CFRA (CAL. GOV'T C. § 12945.2)

61.     Plaintiff re-alleges and incorporates by reference each allegation contained above as though fully set forth herein again.

62.     At all times herein mentioned, Government Code § 12945.2 (CFRA) was in full force and effect and was binding upon Defendants.

63.     Plaintiff was eligible for CFRA leave as an employee who had been employed by Defendant for more than 12 months and had worked at least 1,250 hours in the 12-month period preceding his leave request.

64.     Plaintiff attempted to take CFRA leave for the serious health condition of his minor daughter.

65.     Plaintiff properly notified Defendant of his need for CFRA leave.

66.     Defendant interfered with Plaintiff's CFRA leave rights by, amongst other ways:

    i.   Denying his request for FMLA/CFRA leave; and

    ii.  Terminating his employment when he should have had FMLA/CFRA leave to use.

67.     As a direct and proximate result of Defendant's interference with his CFRA leave rights, Plaintiff has suffered and continues to suffer economic damages including lost wages, lost benefits, and loss of future earning capacity.

68.     As a direct and proximate result of Defendant's interference with his CFRA leave rights, Plaintiff has suffered and continues to suffer non-economic damages including emotional distress, anxiety, humiliation, and loss of enjoyment of life.

Complaint for Damages

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment against all Defendants, and each of them, on all Causes of Action for:

1. General/non-economic damages, in a sum to be ascertained according to proof;

2. Loss of wages, income, earnings, earning capacity, benefits, and other economic damages in a sum to be ascertained according to proof;

3. Other actual, consequential, special, and/or incidental damages in a sum to be ascertained according to proof;

4. Attorney fees and costs of suit pursuant to statute;

5. Costs of suit herein incurred;

6. Pre-judgment interest; and

7. For such other and further relief as this Court may deem just and proper.

Dated: December 19, 2025                    KENT | PINCIN, LLP

By:_____
Michael J. Kent
Emily R. Pincin
Ashley E. Kim
*Attorneys for Plaintiff*
RIGO RODRIGUEZ

Complaint for Damages

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial.

Dated: December 19, 2025                              KENT | PINCIN, LLP


By: _____
Michael J. Kent
Emily R. Pincin
Ashley E. Kim
*Attorneys for Plaintiff*
RIGO RODRIGUEZ

Complaint for Damages

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Michael J Kent (SBN 298564), Emily R. Pincin (SBN 334566), Ashley E Kim (SBN 339240)<br>120 Fisherman's Wharf<br>Redondo Beach, CA 90277 | *FOR COURT USE ONLY* |
|---|---|
| TELEPHONE NO.: (310) 474-4991        FAX NO.: | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Kern<br>By: Alexandra Valles-Guerrero<br>Deputy Clerk<br>**12/19/25 10:00 AM** |
| EMAIL ADDRESS: aed@kentpincinlaw.com | |
| ATTORNEY FOR *(Name):* Rigo Rodriguez | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Kern | |
| STREET ADDRESS: 1215 Truxtun Avenue | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: Bakersfield, CA 93301 | |
| BRANCH NAME: Metro Justice Building | |

| CASE NAME:<br>VS. | | |
|---|---|---|

| **CIVIL CASE COVER SHEET**<br>☑ **Unlimited**    ☐ **Limited**<br>(Amount       (Amount<br>demanded      demanded is<br>exceeds $35,000)   $35,000 or less) | **Complex Case Designation**<br>☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>25CUB01031 |
|---|---|---|
| | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☑ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☐ punitive

4. Number of causes of action *(specify):* Six Discrimination, Retaliation, Failure to prevent, Failure to engage IP, CFRA Retal., CFRA Interference

5. This case ☐ is  ☑ is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 19, 2025

Ashley E. Kim
_____          ► _____
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |
|---|---|---|

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                    **CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
 Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
 Uninsured Motorist (46) *(if the
 case involves an uninsured
 motorist claim subject to
 arbitration, check this item
 instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death) Tort**
 Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
   Wrongful Death
 Product Liability *(not asbestos or
  toxic/environmental)* (24)
 Medical Malpractice (45)
  Medical Malpractice–
   Physicians & Surgeons
  Other Professional Health Care
   Malpractice
 Other PI/PD/WD (23)
  Premises Liability (e.g., slip
   and fall)
  Intentional Bodily Injury/PD/WD
   (e.g., assault, vandalism)
  Intentional Infliction of
   Emotional Distress
  Negligent Infliction of
   Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
 Business Tort/Unfair Business
  Practice (07)
 Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
 Defamation (e.g., slander, libel) (13)
 Fraud (16)
 Intellectual Property (19)
 Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
   *(not medical or legal)*
 Other Non-PI/PD/WD Tort (35)
**Employment**
 Wrongful Termination (36)
 Other Employment (15)

**Contract**
 Breach of Contract/Warranty (06)
  Breach of Rental/Lease
   Contract *(not unlawful detainer
   or wrongful eviction)*
  Contract/Warranty Breach–Seller
   Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
   Warranty
  Other Breach of Contract/Warranty
 Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
 Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
 Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
 Eminent Domain/Inverse
  Condemnation (14)
 Wrongful Eviction (33)
 Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
  domain, landlord/tenant, or
  foreclosure)*
**Unlawful Detainer**
 Commercial (31)
 Residential (32)
 Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
 Asset Forfeiture (05)
 Petition Re: Arbitration Award (11)
 Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
   Case Matter
  Writ–Other Limited Court Case Review
 Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner
   Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
 Antitrust/Trade Regulation (03)
 Construction Defect (10)
 Claims Involving Mass Tort (40)
 Securities Litigation (28)
 Environmental/Toxic Tort (30)
 Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
 Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
 Confession of Judgment *(non-domestic
  relations)*
 Sister State Judgment
 Administrative Agency Award
  *(not unpaid taxes)*
 Petition/Certification of Entry of
  Judgment on Unpaid Taxes
 Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
 RICO (27)
 Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
   harassment)*
  Mechanics Lien
  Other Commercial Complaint
   Case *(non-tort/non-complex)*
  Other Civil Complaint
   *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
 Partnership and Corporate
  Governance (21)
 Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. January 1, 2024]                    **CIVIL CASE COVER SHEET**                    **Page 2 of 2**

| | | FOR COURT USE ONLY |
|---|---|---|
|  | SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF KERN<br>Bakersfield Metropolitan Justice<br>1215 Truxtun Ave<br>Bakersfield, CA 93301<br>Phone: (661) 610-6000 | FILED<br>SUPERIOR COURT OF<br>CALIFORNIA<br>COUNTY OF KERN<br><br>December 19, 2025<br><br>/s/ Alexandra Valles-Guerrero,<br>Deputy Clerk |
| Rigo Rodriguez v. Denny's Corporation, a Delaware Corporation et al | | |
| Notice of Assignment to Judicial Officer for All Purposes, Notice of Order to Show Cause Re: California Rules of Court, Rule 3.110, and Notice of Case Management Conference | | Case Number:<br>25CUB01031 |

By order of the presiding judge, the above-entitled case is assigned to the Honorable Gregory A. Pulskamp for all purposes. It will be managed in Department/Division J until its conclusion. Peremptory challenges, if any, must be made within the times set out in Code of Civil Procedure §170.6.

To Plaintiff(s) and Plaintiff(s) Counsel:
You are required to serve this Notice of Assignment and Notice of Order to Show Cause date and Notice of Case Management Conference date with the Summons, Complaint [Local Rule 3.7(a), Alternative Dispute Resolution (ADR) Information Packet, and ADR Stipulation and Order Form (California Rules of Court, Rule 3.221).

You are ordered to appear on April 3, 2026 at 8:30 A.M. in Division J at 1215 Truxtun Ave, Bakersfield, CA 93301 to give any legal reason why sanctions shall not be imposed for failure to serve the complaint on all named defendants and file proof(s) of service with the court within sixty (60) days after the filing of the complaint pursuant to California Rules of Court, Rule 3.110. All appearances are mandatory, unless the court receives the required proof(s) of service five (5) court days prior to the hearing date, and then no appearance is necessary.

To each party and their respective attorney(s) of record:
Your attention is directed to the California Rules of Court and the Code of Civil Procedure provisions regarding mandatory expedited jury trial procedures, specifically to California Rules of Court Rules 3.1546, et seq., and Code of Civil Procedure section 630.20, et seq.

This case is set for Case Management Conference on June 18, 2026 at 8:30 A.M. in Division J located at 1215 Truxtun Ave, Bakersfield, CA 93301. Parties shall comply with and file case management statements at least fifteen (15) days prior to the conference in accordance with California Rules of Court, Rules 3.720 – 3.730.

To Cross Complainant(s) and Cross Complainant(s) Counsel:
If you are bringing cross complaint against new parties, you are, likewise, required to serve this Notice of Assignment pursuant to California Rules of Court, Rule 3.110, Notice of Order to Show Cause date and Notice of Case Management Conference date on the new cross defendants.

Tara Leal
Clerk of the Superior Court

Date: December 19, 2025

By: /s/ Alexandra Valles-Guerrero
Alexandra Valles-Guerrero, Deputy Clerk

Rigo Rodriguez v. Denny's Corporation, a Delaware Corporation et al
25CUB01031

The Clerk of the Superior Court's office has received a civil complaint from you for filing. Pursuant to the Trial Court Delay Reduction Act, your case has been assigned to the Honorable Gregory A. Pulskamp as monitoring judge.

Judge Gregory A. Pulskamp has instituted a direct calendaring system for all cases assigned to him/her as the monitoring judge.

All law and motion, case management and trial setting conferences, ex parte matters and trials will be scheduled before him/her in Division J at 1215 Truxtun Ave, Bakersfield, CA 93301.

Law & Motion and Ex-Parte hearing dates must be pre-cleared by contacting the Direct Calendaring Clerk at 661-610-6460. Tentative rulings are not provided in advance of the hearing.

At the time of filing the complaint, plaintiff's counsel will be given a Notice of Case Management Conference which sets a conference approximately one hundred eighty (180) days after filing of the complaint. This notice must be served with the summons and complaint on all defendants. Defendants must serve the notice on all cross-defendants named. The notice must also be served on interveners and lien claimants.

Pursuant to Local Rule 3.2.1. a party wishing to appear remotely in any civil proceeding other than an evidentiary hearing or trial, including conferences and law and motion hearings, is permitted to appear without advance notice to the court or other parties. By appearing remotely those persons will be deemed to have requested a remote appearance. Instructions for accessing Remote Court Hearings can be found on the court's website. Each judicial officer retains the discretion to require a party to appear in person at a conference, hearing, or proceeding, as authorized by Code of Civil Procedure section 367.75. Remote proceedings for evidentiary hearings or trials in all divisions shall be noticed and conducted as authorized by Code of Civil Procedure section 367.75 and California Rules of Court, rule 3.672.

The Court does not provide court reporters for civil matters. Parties wishing to have a matter reported must provide their own reporter. The court maintains a list of pre-approved official reporters pro tem. Your preferred reporter can be added to this list. Information regarding the court's list is on the court's website.

Another judge will hear settlement conferences in cases assigned to Judge Gregory A. Pulskamp. However, those cases that do not settle will be set for trial before him/her.

Rigo Rodriguez v. Denny's Corporation, a Delaware Corporation et al
25CUB01031

### Superior Court Of California County Of Kern Special Rules Relating To Case Management Conferences

At least fifteen (15) days prior to the case management conference, each party shall prepare, file and serve on each other party a case management conference statement providing the Court with the following information:

1. The "at-issue" status of the case including any new parties that may be contemplated;

2. A brief statement of the type of case and the general facts or contentions;

3. A description of the discovery done to date and that contemplated to be done;

4. Estimated time for trial and whether a jury is demanded;

5. Whether or not the case is entitled to priority in trial setting and if so, the legal authority thereof;

6. An evaluation of the case for alternative dispute resolution, including arbitration (judicial or binding), mediation or private judge handling;

7. If a person injury action, a description of the injuries sustained by each plaintiff and the elements of claimed damage;

8. A statement of any settlement negotiations undertaken thus far;

9. The name of the attorney primary responsible for the case on behalf of the party filing the statement.

More than one party may join in the filing of a single statement.

The case management conference shall be attended by the attorney primarily responsible for the case on behalf of each party or a member of his or her firm or counsel formally associated in the case. The attorney attending shall be thoroughly familiar with the case, and be able to engage in meaningful discussions with court and counsel, and to enter into agreements on behalf of his or her client on the following subjects:

1. The "at-issue" status of the case including the dismissal of the unnamed doe defendants or cross-defendants by agreement of all parties;

2. Discovery conducted and remaining to be done;

3. Amenability of the case to alternative dispute resolution including, but no limited to, arbitration (judicial or binding), mediation, and private judge handling.

4. Delineation of issues including stipulation of facts not in substantial controversy;

5. Settlement prospects;

6. Setting the matter for trial, pre-trial conferences, settlement conference or further case management conference;

7. Any other matters relevant to the processing of the case to a final resolution.

Any violation of these rules shall result in the imposition of substantial sanctions which may include monetary, issue, termination, or other appropriate sanctions.

Rigo Rodriguez v. Denny's Corporation, a Delaware Corporation et al
25CUB01031

Certificate of Service

The undersigned, of said Kern County, certify: That I am a Deputy Clerk of the Superior Court of the State of California, in and for the County of Kern, that I am a citizen of the United States, over 18 years of age, I reside in or am employed in the County of Kern, that I am not a party to the within action and that my business address is 1215 Truxtun Ave, Bakersfield, CA 93301, that I served the Notice of Assignment to Judicial Officer for All Purposes, Notice of Order to Show Cause Re: California Rules of Court, Rule 3.110, and Notice of Case Management Conference attached hereto on all interested parties and any respective counsel of record in the within action, following standard Court practices, by: (a) enclosing true copies thereof in a sealed envelope(s) with postage fully prepaid and depositing/placing for collection and delivery in the United States mail at Bakersfield, California; and/or (b) enclosing true copies thereof in a Kern County interoffice envelope(s) and placing for collection and delivery; and/or (c) electronically transmitting true copies thereof by electronic service or e-mail. Service address(es) are indicated on the attached service list.

Date of service:         December 19, 2025

Place of service:        Bakersfield, California

Sent from electronic service address: donotreply@kern.courts.ca.gov

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Tara Leal
Clerk of the Superior Court

Date: December 19, 2025

By:      /s/ Alexandra Valles-Guerrero
         Alexandra Valles-Guerrero, Deputy Clerk

Rigo Rodriguez v. Denny's Corporation, a Delaware Corporation et al
25CUB01031

Service List

Ashley R Kim
120 Fishermans Wharf
Redondo Beach, CA  90277
aed@kentpincinlaw.com

Emily R. Pincin
120 Fishermans Wharf
Redondo Beach, CA  90277
erp@kentpincinlaw.com

Michael J. Kent
120 Fishermans Wharf
Redondo Beach, CA  90277
mjk@kentpincinlaw.com

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

December 18, 2025

Ashley Kim
120 Fisherman's Wharf
Redondo Beach, CA 90277

RE: **Notice to Complainant's Attorney**
CRD Matter Number: 202512-32722318
Right to Sue: Rodriguez / Denny's Corporation et al.

Dear Ashley Kim:

Attached is a copy of your complaint of discrimination filed with the Civil Rights
Department (CRD) pursuant to the California Fair Employment and Housing Act,
Government Code section 12900 et seq. Also attached is a copy of your Notice of Case
Closure and Right to Sue.

**Pursuant to Government Code section 12962, CRD will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the CRD does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 2025/11)

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency
GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

December 18, 2025

RE:     **Notice of Filing of Discrimination Complaint**
CRD Matter Number: 202512-32722318
Right to Sue: Rodriguez / Denny's Corporation et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil Rights Department (CRD) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for CRD's Small Employer Family Leave Mediation Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Reproductive Loss Leave, or Bereavement Leave (Government Code sections 12945.2, 12945.6, or 12945.7) has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. You may contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@calcivilrights.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to CRD is requested or required.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 2025/11)

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**Civil Rights Department**

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

December 18, 2025

Rigo Rodriguez
120 Fishermans Wharf
REDONDO BEACH,  90277

RE:   **Notice of Case Closure and Right to Sue**
CRD Matter Number: 202512-32722318
Right to Sue: Rodriguez / Denny's Corporation et al.

Dear Rigo Rodriguez:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective December 18, 2025 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for CRD's Small Employer Family Leave Mediation Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Reproductive Loss Leave, or Bereavement Leave (Government Code sections 12945.2, 12945.6, or 12945.7) has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@calcivilrights.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

CRD - ENF 80 RS (Revised 2025/11)

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

After receiving a Right-to-Sue notice from CRD, you may have the right to file your complaint with a local government agency that enforces employment anti-discrimination laws if one exists in your area that is authorized to accept your complaint. If you decide to file with a local agency, you must file before the deadline for filing a lawsuit that is on your Right-to-Sue notice. Filing your complaint with a local agency does not prevent you from also filing a lawsuit in court.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 2025/11)

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**Civil Rights Department**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Rigo Rodriguez                                          CRD No. 202512-32722318

                            Complainant,

vs.

Denny's Corporation

,

Denny's Inc.

,

                            Respondents

---

1. Respondent **Denny's Corporation** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant is naming **Denny's Inc.** business as Co-Respondent(s).

3. Complainant **Rigo Rodriguez**, resides in the City of **REDONDO BEACH,** State of .

4. Complainant alleges that on or about **December 18, 2025**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's association with a member of a protected class, family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies and as a result of the discrimination was terminated, denied any employment benefit or privilege, denied work opportunities or assignments, denied employer paid health care while on family care and medical leave (cfra), denied family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies.

**Complainant experienced retaliation** because complainant requested or used a disability-related accommodation, requested or used family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies and as a result was terminated, denied any employment benefit or privilege, denied work opportunities or assignments, denied employer paid health care while on family care and

-1-
*Complaint – CRD No. 202512-32722318*

Date Filed: December 18, 2025

medical leave (cfra), denied family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies.

**Additional Complaint Details:** Between approximately December 10, 2022, and until his unlawful termination on or around June 20, 2025, Complainant was employed by Respondents. At the time of his termination, Complainant was a part-time cook.

During his tenure with Respondents, Complainant performed his job duties in a competent fashion and capably performed each and every condition of his employment agreement. Complainant was qualified for his position by reason of his experience and training.

On or around June 4, 2025, Complainant engaged in protected activity when he advised his supervisor Melissa Hernandez of a family medical emergency involving his daughter and her mental health issues. Supervisor Hernandez verbally approved his leave request so that he could tend to his daughter who was going through a mental health crisis, and instructed Complainant to contact her when he was able to return.

Approximately two weeks later, Complainant contacted Supervisor Hernandez informing her that he was ready to return to work. In discrimination and/or retaliation, despite approving his leave request to tend to his family's medical emergency, Supervisor Hernandez informed Complainant only that she would "see what she could do."

Thereafter, Complainant continued to follow up approximately once a week with Supervisor Hernandez regarding his return to work.

In or around the beginning of July 2025, Supervisor Hernandez finally responded to Complainant's multiple requests to return to work. Supervisor Hernandez informed Complainant that she would "try" to get Complainant on schedule three days a week. Complainant agreed to this proposal, notwithstanding his initial understanding that he would be permitted to return to his regular work schedule following his necessary leave to care for a child who had a serious health condition/disability.

In further discrimination and/or retaliation, Supervisor Hernandez did not place Complainant on the work schedule; thus, Complainant followed up again with Supervisor Hernandez asking when he would be placed on schedule to work. In further discrimination and/or retaliation, Supervisor Hernandez did not respond to Complainant's requests.

From mid-June 2025 to approximately August 2025, in further discrimination and/or retaliation, Complainant was not placed on the work schedule, received no communication from Human Resources, received no write-ups, performance plans, or a termination letter. As such, by the end of August 2025, Complainant understood and reasonably believed that he had been terminated from his employment.

Complainant later learned that Respondents had terminated him on June 20, 2025, despite never notifying Complainant of his termination.

Respondents repeatedly discriminated against Complainant on the basis of his association with individuals with disabilities, and/or perceived disabilities, and for engaging in protected activity. Respondents retaliated against Complainant for asserting his rights. Complainant was also denied a good faith interactive process and one or more reasonable accommodations. Complainant has suffered economic and noneconomic damages as a result thereof. The wrongful conduct was allowed, permitted, condoned, ratified, and enabled by Respondents and their agents. The true names and capacities of all individuals

-2-

*Complaint – CRD No. 202512-32722318*

Date Filed: December 18, 2025

CRD-ENF 80 RS (Revised 2025/11)

responsible for the conduct alleged herein, whether individual, corporate, associate, or otherwise, are unknown to Complainant at this time. Witnesses include people from Respondents that are involved in the facts and circumstances of this claim. All of Complainant's supervisors and co-workers, administration at Respondents, all the members of Respondents' Human Resources Department including, but not limited to the people who were involved in any way, shape, or form in any investigation (formal or otherwise), all individuals involved in the failure to accommodate and failure to engage in the interactive process, and all people that were involved in Complainant's termination or other adverse acts against Complainant, amongst others presently unknown to Complainant. All of these people play a role in what goes on at Respondent, and this Claim puts YOU on notice that Complainant will seek discovery and evidence, and put the same on at trial, as to all these people and all their actions in the years before and after the specific acts outlined in this Claim.

-3-
*Complaint – CRD No. 202512-32722318*

Date Filed: December 18, 2025

CRD-ENF 80 RS (Revised 2025/11)

VERIFICATION

I, **Ashley Kim**, am the **Attorney** in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The matters alleged are based on information and belief, which I believe to be true. The matters alleged are based on information and belief, which I believe to be true.

On December 18, 2025, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Redondo Beach, California**

-4-

*Complaint – CRD No. 202512-32722318*

Date Filed: December 18, 2025

CRD-ENF 80 RS (Revised 2025/11)

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:          FAX NO *(Optional).*: <br> E-MAIL ADDRESS *(Optional):* <br> ATTORNEY FOR *(Name) :* | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF:

DEFENDANT:

| ADR STIPULATION AND ORDER FORM | CASE NUMBER: |
|---|---|

1. Pursuant to California Rule of Court 3.221(a)(4), the parties and their attorneys stipulate that all claims in

   this action will be submitted to the following alternative dispute resolution (ADR) process:

   a. ☐ Private Mediation.

   b. ☐ Neutral Evaluation.

   c. ☐ Binding Arbitration.

   d. ☐ Referee/Special Master.

   e. ☐ Settlement Conference with Private Neutral.

   f. ☐ Non-binding Judicial Arbitration pursuant to CCP§1141.10 et seq., and applicable Rules of Court.

   g. ☐ Discovery will remain open until 30 days before trial.

   h. ☐ Other:

2. It is also stipulated that

   a. _____ (name of individual neutral, not organization)

   has consented to and will serve as

   b. _____ (neutral function/process) and that the session will take place on

   c. _____ (enter a FIRM date) and that all persons necessary to effect a settlement
      and having full authority to resolve the dispute will appear at such session.

---

KC ADR-101 (Mandatory) Rev. 07/2014          **ADR STIPULATION AND ORDER FORM**          Page 1 of 2



| PLAINTIFF:<br><br>DEFENDANT: | CASE NUMBER: |
|---|---|

3.  Date:

    a.   On behalf of Plaintiff/s

_____  
(TYPE OR PRINT NAME)

_____  
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

_____  
(TYPE OR PRINT NAME)

_____  
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

        ☐ Continued on *Attachment 3a* (form MC-025).

    b.   On behalf of Defendant/s

_____  
(TYPE OR PRINT NAME)

_____  
(SIGNATURE OF DEFENDANT OR ATTORNEY)

_____  
(TYPE OR PRINT NAME)

_____  
(SIGNATURE OF DEFENDANT OR ATTORNEY)

        ☐ Continued on *Attachment 3a* (form MC-025).

4.  ORDER:

    a.  ☐ The ADR process is to be completed by            .

    b.  ☐ The Case Management Conference currently set for      , at

                      ☐ a.m. ☐ p.m. in Department             :

        i.    ☐   Remains on calendar.

        ii.   ☐   Is hereby vacated.

    c.  ☐ Mediation Status Review.

    d.  ☐ Case Status Review re:

    e.  ☐ Final Case Management Conference is set for      , at      ☐ a.m.

        ☐ p.m. in Department      .

    f.  ☐ Judicial Arbitration Order Review Hearing will be set by notice upon assignment of arbitrator.

**IT SO ORDERED.**

Date:                                _____  
                                        JUDICIAL OFFICER

CEB Essential Forms  
ceb.com

SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN
ALTERNATIVE DISPUTE RESOLUTION (ADR)
INFORMATION PACKET



Kern County Superior Court encourages, and under certain circumstances, may require parties to try ADR before trial.  Courts have also found ADR to be beneficial when used early in the case process.  The courts, community organizations and private providers offer a variety of ADR processes to help people resolve disputes without a trial.  Below is information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local arbitrator, mediator or neutral evaluator. You may find more information about these ADR processes at www.courts.ca.gov/programs/adr.

## Possible Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial depending on the type of ADR process used as well as the particular type of case involved.

Possible Advantages:  Saves time; saves money; gives the parties more control over the dispute resolution process and outcome; helps to preserve and/or improve party relationships.

Possible Disadvantages:  May add additional time and costs to the litigation if ADR does not resolve the dispute; procedures such as discovery, jury trial, appeals, and other legal protections may be limited or unavailable.

## Most Common Types of ADR
Mediation:  A neutral person or "mediator" helps the parties communicate in an effective and constructive manner so the parties can try to resolve their dispute.  The mediator does not decide the outcome, but helps the parties to do so.  Mediation is generally confidential and may be particularly useful where ongoing relationships are involved, such as between family members, neighbors, employers/employees or business partners.

Settlement Conferences:  A judge or another neutral person assigned by the court helps the parties to understand the strengths and weaknesses of their case and to discuss settlement.  The judge or settlement conference neutral does not make a decision in the case but helps the parties to negotiate a settlement.  Settlement conferences may be particularly helpful when the parties have very different views about the likely outcome of a trial in their case.

Neutral Evaluation:  The parties briefly and informally present their facts and arguments to a neutral person who is often an expert in the subject matter of the dispute.  The neutral does not decide the outcome of the dispute, but helps the parties to do so by providing them with a non-binding opinion about the strengths, weaknesses and likely outcome of their case.  Depending on the neutral evaluation process, and with the parties' consent, the neutral may then help the parties try to negotiate a settlement.  Neutral evaluation may be appropriate when the parties desire a neutral's opinion about how the case might be resolved at trial; and, if the primary dispute is about the amount of damages or technical issues, the parties would like a neutral expert to resolve those disputes.

<u>Arbitration:</u> The parties present evidence and arguments to a neutral person or "arbitrator" who then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are generally more relaxed. If the parties agree to *binding* arbitration, they waive their right to a jury trial and agree to accept the arbitrator's decision. With *nonbinding* arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time and expense of a trial, or desire an expert in the subject matter of their dispute to make a decision.

## Local Court ADR Programs

The Superior Court, County of Kern offers two types of ADR: Arbitration in cases in which the amount in controversy as to each plaintiff is $50,000 or less; and DRPA mediation services on the day of the hearing, settlement conference or trial.

**Arbitration:** The Superior Court of California, County of Kern does use Arbitrators in civil cases where the amount in controversy as to each individual plaintiff is $50,000 or less. The Court may order the parties to Arbitration or the parties may agree to Arbitration any time before the first case management conference statement is filed. See Local Rule 3.14 at https://www.kern.courts.ca.gov/system/files/local_rules_of_court.pdf

**Dispute Resolution Program Act (DRPA):** The Superior Court of California, County of Kern also offers mediation services in small claims and unlawful detainer, civil harassment, family law and probate matters. The Court has contracted with the Better Business Bureau (BBB) under the Dispute Resolution Programs Act (DRPA) to provide these mediation services. For more information about BBB Mediation Services go to https://www.bbb.org/local-bbb/bbb-serving-central-california-and-inland-empire-counties.

## ADR Coordinator:

Although complaints about arbitrators and mediators are rare, the Superior Court of California, County of Kern does provide a complaint procedure in our Local Rules, Rule 3.14.7. If you have a complaint or a concern with any of this Court's ADR programs, or simply have a question about ADR, please contact the ADR Administrator at ADRAdministrator@kern.courts.ca.gov or 661-868-5695.

## Resources:

**California Department of Consumer Affairs:** https://www.dca.ca.gov/consumers/mediation_guides.shtml

**Judicial Branch California Courts – ADR:** www.courts.ca.gov/selfhelp-adr.htm

**ADR Stipulation Form:** https://www.kern.courts.ca.gov/system/files/adr_stipulation_and_order_form.pdf

# EXHIBIT B

Wolters Kluwer

CT Corporation
**Service of Process Notification**
12/30/2025
CT Log Number 550989016

## Service of Process Transmittal Summary

**TO:**    Raeann Skidmore
Denny's Corporation
203 E MAIN ST
SPARTANBURG, SC 29319-0003

**RE:**    **Process Served in California**

**FOR:**    Denny's, Inc.  (Domestic State: FL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: RIGO RODRIGUEZ, an Individual // To: Denny's, Inc. |
| **CASE #:** | 25CUB01031 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 12/30/2025 at 13:53 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Kelly Land  KLand@Dennys.com |
| | Email Notification,  Tanya Waters  twaters@dennys.com |
| | Email Notification,  RACHEL FOWLER  rfowler-gist@dennys.com |
| | Email Notification,  Delia Barcelo  dbarcelo@dennys.com |
| | Email Notification,  Jasmine Taylor  jtaylor@dennys.com |
| | Email Notification,  Raeann Skidmore  rskidmore@dennys.com |
| | Email Notification,  Andy Sippel  asippel@dennys.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System
330 N BRAND BLVD
STE 700
GLENDALE, CA 91203
866-539-8692
CorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

**Wolters Kluwer**

## PROCESS SERVER DELIVERY DETAILS

**Date:**  Tue, Dec 30, 2025
**Server Name:**  Jimmy Lizama

| Entity Served | DENNY'S, INC. |
| --- | --- |
| Case Number | 25CUB01031 |
| Jurisdiction | CA |

| Inserts |
| --- |
| | | |



SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Denny's Corporation., a Delaware Corporation; Denny's INC., a Florida Corporation; and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Rigo Rodriguez, an Individual

**ELECTRONICALLY FILED**
Superior Court of California,
County of Kern
By: Vanesa Mata
Deputy Clerk
**12/19/25 4:05 PM**

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: Metro Justice Building
*(El nombre y dirección de la corte es)* Superior Court of California, County of Kern
1215 Truxtun Ave
Bakerfield, CA 93301

**CASE NUMBER:**
*(Número del Caso)* 25CUB01031

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ashley E Kim, 339240                    (310) 474-4991
Kent | Pincin, 120 Fisherman's Wharf, Redondo Beach, CA 90277

| DATE:<br>*(Fecha)* **12/19/2025** | Tara Leal | Clerk, by<br>*(Secretario)* **Vanesa Mata** | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* DENNY'S INC., a Florida Corporation

under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

Michael J. Kent, Esq. (SBN 298564)
Emily R. Pincin, Esq. (SBN 334566)
Ashley E. Kim, Esq. (SBN 339240)
**KENT | PINCIN, LLP**
120 Fisherman's Wharf
Redondo Beach, CA 90277
Tel: (310) 474-4991
E-mail: mjk@kentpincinlaw.com
E-mail: erp@kentpincinlaw.com
E-mail: aed@kentpincinlaw.com

*Attorneys for Plaintiff*
RIGO RODRIGUEZ

**ELECTRONICALLY FILED**
Superior Court of California,
County of Kern
By: Alexandra Valles-Guerrero
Deputy Clerk
**12/19/25 10:00 AM**

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF KERN

| | |
|---|---|
| RIGO RODRIGUEZ, an Individual, | CASE NO.:   25CUB01031 |
| Plaintiff, | [Unlimited Civil Case] |
| v. | **COMPLAINT FOR DAMAGES** |
| DENNY'S CORPORATION., a Delaware Corporation; DENNY'S INC., a Florida Corporation; and DOES 1 through 100, inclusive, | 1. Discrimination (Gov't C. §§ 12900, *et seq.*); 2. Retaliation (Gov't C. §§ 12900, *et seq.*); 3. Failure to Take Reasonable Steps to Prevent Discrimination and Retaliation (Gov't C. §§ 12900, *et seq.*); |
| Defendants. | 4. Failure to Engage in the Interactive Process (Gov't C. §§ 12900, *et seq.*); 5. CFRA Retaliation (Gov't C. §§ 12940, *et seq.*); and 6. CFRA Interference (Gov't C. §§ 12940, *et seq.*). |
| | **DEMAND FOR JURY TRIAL** |

## THE PARTIES

1.      Plaintiff RIGO RODRIGUEZ ("Rodriguez" or "Plaintiff") is an individual and competent adult who was employed by Defendants DENNY'S CORPORATION, DENNY'S INC. ("Defendants"), and/or DOES 1 through 10, inclusive, and each of them, until her unlawful termination.

1
Complaint for Damages

2.      Plaintiff is informed and believes, and based thereon alleges, that Defendant DENNY'S CORPORATION is a Delaware Corporation with its principal place of business and corporate headquarters in the State of South Carolina. At all times relevant hereto, DENNY'S CORPORATION did and does substantial business in the State of California, including in the County of Kern, and operates locations throughout the State of California.

3.      Plaintiff is informed and believes, and based thereon alleges, that Defendant DENNY'S INC. is a Florida Corporation with its principal place of business and corporate headquarters in the State of South Carolina. At all times relevant hereto, DENNY'S INC. did and does substantial business in the State of California, including in the County of Kern, and operates locations throughout the State of California.

4.      Plaintiff is informed and believes, and based thereon alleges, that Defendants DOES 1 through 100, inclusive, and each of them, at all times relevant hereto, were individuals or public, business, and/or other entities whose form is unknown committing torts in and/or engaged in purposeful economic activity within the County of Kern, State of California.

5.      The true names and capacities of Defendants DOES 1 through 100, and each of them, whether individual, corporate, associate, or otherwise, are unknown to Plaintiff at this time, therefore Plaintiff sues said Defendants by such fictitious names. Plaintiff will file DOE amendments and/or seek leave of court to amend this complaint to assert the true names and capacities of these Defendants when they have been ascertained. Plaintiff is informed and believes, and upon such information and belief alleges, that each Defendant herein designated as a DOE was and is in some manner negligently, wrongfully, or otherwise responsible and liable to Plaintiff for the injuries and damages hereinafter alleged, and that Plaintiff's damages as herein alleged were proximately caused by their conduct.

6.      Plaintiff is informed and believes, and thereon alleges, that at all times material herein, Defendants, and each of them, were the agents, servants, or employees, or ostensible agents, servants, and employees of each other Defendant, and as such, were acting within the course and scope of said agency and employment or ostensible agency and employment, except on

those occasions when Defendants were acting as principals, in which case, said Defendants, and each of them, were negligent in the selection, hiring, and use of the other Defendants.

7. At all times mentioned herein, each Defendant was the co-tortfeasor of each other Defendant in doing the things hereinafter alleged.

8. Plaintiff is further informed and believes, that at all times relevant hereto, Defendants, and each of them, acted in concert and in furtherance of the interests of each other Defendant. The conduct of each Defendant combined and cooperated with the conduct of each of the remaining Defendants so as to cause the herein described incidents and the resulting injuries and damages to Plaintiff.

## VENUE AND JURISDICTION

9. At all times relevant hereto, Plaintiff was residing in the County of Kern, State of California.

10. At all times relevant hereto, Defendant DENNY'S CORPORATION is and was a Delaware corporation with its principal place of business in the State of South Carolina. At all times relevant hereto, DENNY'S CORPORATION did and does substantial business in the State of California, including in the County of Kern. Defendant did and does generate substantial profits in the State of California.

11. At all times relevant hereto, Defendant DENNY'S INC. is and was a Florida corporation with its principal place of business in the State of South Carolina. At all times relevant hereto, DENNY'S INC. did and does substantial business in the State of California, including in the County of Kern. Defendant did and does generate substantial profits in the State of California.

12. Plaintiff is informed and believes, and based thereon alleges, that Defendants DOES 1 through 100, and each of them, were residents of and were doing business in the County of Kern, State of California at all times relevant hereto.

13. This Court is the proper court because at least one Defendant has sufficient minimum ties to the jurisdictional area, and the events and circumstances giving rise to this claim occurred in the jurisdictional area.

14.    Plaintiff has complied with and/or exhausted any applicable claims statutes and/or administrative and/or internal remedies and/or grievance procedures, and/or is excused from complying therewith.  Plaintiff filed a complaint with the California Civil Rights Department on December 18, 2025, and he received a right to sue notice that same date.

## GENERAL ALLEGATIONS

15.    Between approximately December 10, 2022, and until his unlawful termination on or around June 20, 2025, Plaintiff was employed by Defendants. At the time of his termination, Plaintiff was a part-time cook.

16.    During his tenure with Defendant, Plaintiff performed his job duties in a competent fashion and capably performed each and every condition of his employment agreement. Plaintiff was qualified for his position by reason of his experience and training.

17.    On or around June 4, 2025, Plaintiff engaged in protected activity when he advised his supervisor Melissa Hernandez of a family medical emergency involving his daughter and her mental health issues. Supervisor Hernandez verbally approved his leave request so that he could tend to his daughter who was going through a mental health crisis, and instructed Plaintiff to contact her when he was able to return.

18.    Approximately two weeks later, Plaintiff contacted Supervisor Hernandez informing her that he was ready to return to work. In discrimination and/or retaliation, despite approving his leave request to tend to his family's medical emergency, Supervisor Hernandez informed Plaintiff only that she would "see what she could do."

19.    Thereafter, Plaintiff continued to follow up approximately once a week with Supervisor Hernandez regarding his return to work.

20.    In or around the beginning of July 2025, Supervisor Hernandez finally responded to Plaintiff's multiple requests to return to work.  Supervisor Hernandez informed Plaintiff that she would "try" to get Plaintiff on schedule three days a week. Plaintiff agreed to this proposal, notwithstanding his initial understanding that he would be permitted to return to his regular work schedule following his necessary leave to care for a child who had a serious health condition/disability.

21.     In further discrimination and/or retaliation, Supervisor Hernandez did not place Plaintiff on the work schedule; thus, Plaintiff followed up again with Supervisor Hernandez asking when he would be placed on schedule to work. In further discrimination and/or retaliation, Supervisor Hernandez did not respond to Plaintiff's requests.

22.     From mid-June 2025 to approximately August 2025, in further discrimination and/or retaliation, Plaintiff was not placed on the work schedule, received no communication from Human Resources, received no write-ups, performance plans, or a termination letter. As such, by the end of August 2025, Plaintiff understood and reasonably believed that he had been terminated from his employment.

23.     Plaintiff later learned that Defendant had terminated him on June 20, 2025, despite never notifying Plaintiff of his termination.

24.     Plaintiff's career has been materially and adversely affected, harmed, and damaged by the conduct of Defendants. Plaintiff has suffered both general and special damages. Plaintiff has also suffered losses in earnings and other employment benefits, as well as non-economic injury. Plaintiff's damages are continuing and in an amount not yet determined, but in excess of $35,000.

25.     Defendants' conduct was a violation of Plaintiff's rights under both state and federal law, including but not limited to the Fair Employment and Housing Act (CAL. GOV'T C. §§ 12940, et seq. ("FEHA")). The wrongful conduct of Defendants, and each of them, is continuing and ongoing as of the present date.

## FIRST CAUSE OF ACTION

## BY PLAINTIFF AGAINST ALL DEFENDANTS

DISCRIMINATION IN VIOLATION OF FEHA (CAL. GOV'T C. §§ 12900, *ET SEQ.*)

26.     Plaintiff re-alleges and incorporates by reference each allegation contained above as though fully set forth herein again.

27.     At all times herein mentioned, Government Code §§ 12900, *et seq.*, including Government Code § 12940, was in full force and effect and was binding upon Defendants, and each of them.

Complaint for Damages

28.    At all times herein mentioned, Plaintiff was in the protected class of persons based on his association with individuals with disabilities, disability, and/or perceived disability, and was one who engaged in protected activities contemplated by Government Code §§ 12940, *et seq.* Plaintiff is informed and believes that Defendants, and each of them, discriminated against him based on his association with an individual with disabilities, disability, and/or perceived disability, and for generally attempting to protect and secure his rights and the rights of other under the FEHA.

29.    Commencing before and during June 2025, and continuing to the present, Defendants created and allowed to exist a discriminatory environment based on association with individuals who have disabilities, disability, and/or perceived disability, and discriminated against Plaintiff on the basis of his association with individuals who have disabilities, disability, and/or perceived disability, and for generally attempting to protect and secure his rights and the rights of other under the FEHA. Such discrimination was in violation of Government Code §§ 12940, *et seq.* and the public policy embodied therein.

30.    At all times herein mentioned, Defendants, and each of them, had actual and/or constructive knowledge of the discriminatory conduct levied against Plaintiff by Defendants, fellow employees, and superiors. Moreover, such discriminatory conduct was also conducted and/or condoned by Defendants, and each of them.

31.    As a direct, foreseeable, and proximate result of Defendants' discriminatory conduct and failure to act, Plaintiff suffered emotional distress and general damages.

32.    As a direct, foreseeable, and proximate result of the Defendants' discriminatory conduct, Plaintiff suffered and continues to suffer losses in earnings and other employment benefits all to his damage in an amount in excess of the minimum jurisdictional limits of this court, the precise amount of which will be proven at trial.

33.    As a further legal result of the above-described conduct of Defendants, and each of them, Plaintiff has and will continue to incur attorneys' fees and costs in an amount according to proof.

///

## SECOND CAUSE OF ACTION

## BY PLAINTIFF AGAINST ALL DEFENDANTS

RETALIATION IN VIOLATION OF FEHA (CAL. GOV'T C. §§ 12900, *ET SEQ.*)

34.     Plaintiff re-alleges and incorporates by reference each allegation contained above as though fully set forth herein again.

35.     At all times herein mentioned, Government Code §§ 12900, *et seq.*, including Government Code § 12940, was in full force and effect and were binding upon Defendants, and each of them.  Said sections required Defendants, and each of them, to refrain from retaliating against an employee for his or her opposition to employment practices prohibited under the FEHA, as well as for requesting a reasonable accommodation and for taking or attempting to take leave under the CFRA.

36.     At all times herein mentioned, Plaintiff was in the protected class of persons based on his association with an individual with disabilities, disability, and/or perceived disability, and is an individual who engaged in protected activities contemplated by Government Code §§ 12940, *et seq.*  Plaintiff is informed and believes that Defendants, and each of them, retaliated against Plaintiff for attempting to seek and/or take protected leave, for seeking and/or taking CFRA leave, and for generally attempting to protect and secure his rights under the FEHA.

37.     Commencing before and during June 2025, and continuing to the present, Defendants retaliated against Plaintiff on the basis of his protected activity and based on his association with an individual with disabilities, disability, and/or perceived disability, including for attempting to seek and/or take CFRA leave, and for generally attempting to protect and secure his rights under the FEHA.  Such retaliation was in violation of Government Code §§ 12940, *et seq.* and the public policy embodied therein.  Defendant discriminated and retaliated against Plaintiff based upon his association with an individual with disabilities, disability, and/or perceived disability, and retaliated against Plaintiff for engaging in protected activity as outlined herein.

38.     At all times herein mentioned, Defendants, and each of them, had actual and/or constructive knowledge of the retaliatory conduct levied against Plaintiff by Defendants, fellow

employees, and superiors.  Moreover, such retaliation and discriminatory conduct was also conducted and/or condoned by Defendants, and each of them.

39.    As a direct, foreseeable, and proximate result of Defendants' discriminatory and retaliatory conduct and failure to act, Plaintiff suffered emotional distress and general damages.

40.    As a direct, foreseeable, and proximate result of the Defendants' discriminatory and retaliatory conduct, Plaintiff suffered and continues to suffer losses in earnings and other employment benefits all to his damage in an amount in excess of the minimum jurisdictional limits of this court, the precise amount of which will be proven at trial.

41.    As a further legal result of the above-described conduct of Defendants, and each of them, Plaintiff has and will continue to incur attorneys' fees and costs in an amount according to proof.

## THIRD CAUSE OF ACTION

## BY PLAINTIFF AGAINST ALL DEFENDANTS

FAILURE TO PREVENT DISCRIMINATION AND RETALIATION

IN VIOLATION OF FEHA (CAL. GOV'T C. §§ 12900, *ET SEQ.*)

42.    Plaintiff re-alleges and incorporates by reference each allegation contained above as though fully set forth herein again.

43.    At all times mentioned herein, Government Code §§ 12900, *et seq.*, was in full force and effect and was fully binding upon Defendants.  Specifically, section 12940(k) makes it an unlawful employment practice for an employer to fail to take all reasonable steps necessary to prevent discrimination based on an employee's protected class(es) and retaliation based on an employee's protected activity.

44.    Plaintiff was subjected to discrimination and retaliation in the workplace, and Defendants, having knowledge of same, failed to take all reasonable steps to prevent the discrimination and retaliation by subjecting Plaintiff to adverse employment actions, including but not limited to failing to provide benefits of CFRA, denying and interfering with benefits of the job including CFRA leave to Plaintiff, and terminating him, amongst other adverse actions.

Complaint for Damages

45.   As a direct, foreseeable, and proximate result of Defendants' discriminatory conduct and failure to act, Plaintiff suffered emotional distress and general damages.

46.   As a direct, foreseeable, and proximate result of the Defendants' discriminatory conduct, Plaintiff suffered and continues to suffer losses in earnings and other employment benefits all to his damage in an amount in excess of the minimum jurisdictional limits of this court, the precise amount of which will be proven at trial.

47.   As a further legal result of the above-described conduct of Defendants, and each of them, Plaintiff has and will continue to incur attorneys' fees and costs in an amount according to proof.

## FOURTH CAUSE OF ACTION

## BY PLAINTIFF AGAINST ALL DEFENDANTS

FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN

VIOLATION OF FEHA (CAL. GOV'T C. § 12940(n))

48.   Plaintiff re-alleges and incorporates by reference each allegation contained above as though fully set forth herein again.

49.   At all times herein mentioned, Government Code § 12940(n) was in full force and effect and was binding upon Defendants.

50.   At all times herein mentioned, Plaintiff was in the protected class of persons based on his association with individuals with disabilities, disability, and/or perceived disability. Defendants knew of Plaintiff's association with individuals with disabilities, disability, and/or perceived disability.

51.   Plaintiff was willing to participate in an interactive process to determine whether reasonable accommodations could be made so that he would be able to perform the essential job functions.

52.   Defendant could have made a reasonable accommodation when the interactive process should have taken place. Instead, Defendant discriminated and retaliated against Plaintiff based upon his association with individuals with disabilities, disability, and/or perceived disability and subjected him to one or more adverse actions based thereon, including termination.

53.    As a direct, foreseeable, and proximate result of Defendants' discriminatory conduct and failure to act, Plaintiff suffered emotional distress, general damages, losses in earnings, and other employment benefits all to his damage in an amount in excess of the minimum jurisdictional limits of this court, the precise amount of which will be proven at trial.

54.    As a further legal result of the above-described conduct of Defendants, Plaintiff has and will continue to incur attorneys' fees and costs in an amount according to proof.

## FIFTH CAUSE OF ACTION

## BY PLAINTIFF AGAINST ALL DEFENDANTS

### RETALIATION IN VIOLATION OF THE CFRA (CAL. GOV'T C. §§ 12945.2, *ET SEQ.*)

55.    Plaintiff re-alleges and incorporates by reference each allegation contained above as though fully set forth herein again.

56.    At all times relevant hereto, Government Code §§ 12945.2, *et seq.* was in full force and effect and was binding upon Defendants, and each of them.  Specifically, Government Code § 12945.2, also known as the CFRA, provides that, "[i]t shall be an unlawful employment practice for an employer to refuse to hire, or to discharge, fine, suspend, expel, or discriminate against, any individual because of ... an individual's exercise of the right to family care and medical leave ... ," including for taking such leave to care for a family member with a serious health condition. (Gov't C. § 12945.2(k), (a)-(b).)

57.    Defendant is and was a qualified employer under the CFRA.  At all times relevant hereto, Plaintiff was an employee eligible for CFRA leave to care for his family member who had a serious health condition. Plaintiff timely and properly requested CFRA leave to care for his daughter who was undergoing a serious health condition.

58.    Defendants violated the CFRA by, *inter alia*, discriminating against, retaliating against, and substantially changing the terms and conditions of Plaintiff's employment because he requested and/or took CFRA leave.

59.    As a direct, foreseeable, and proximate result of Defendants' discriminatory/retaliatory conduct and failure to act, Plaintiff suffered emotional distress, general damages, losses in earnings, and other employment benefits all to his damage in an amount in

10

Complaint for Damages

excess of the minimum jurisdictional limits of this court, the precise amount of which will be proven at trial.

60.    As a further legal result of the above-described conduct of Defendants, and each of them, Plaintiff has and will continue to incur attorneys' fees and costs in an amount according to proof.

### SIXTH CAUSE OF ACTION

### BY PLAINTIFF AGAINST ALL DEFENDANTS

INTERFERENCE WITH CFRA (CAL. GOV'T C. § 12945.2)

61.    Plaintiff re-alleges and incorporates by reference each allegation contained above as though fully set forth herein again.

62.    At all times herein mentioned, Government Code § 12945.2 (CFRA) was in full force and effect and was binding upon Defendants.

63.    Plaintiff was eligible for CFRA leave as an employee who had been employed by Defendant for more than 12 months and had worked at least 1,250 hours in the 12-month period preceding his leave request.

64.    Plaintiff attempted to take CFRA leave for the serious health condition of his minor daughter.

65.    Plaintiff properly notified Defendant of his need for CFRA leave.

66.    Defendant interfered with Plaintiff's CFRA leave rights by, amongst other ways:

    i.   Denying his request for FMLA/CFRA leave; and

    ii.  Terminating his employment when he should have had FMLA/CFRA leave to use.

67.    As a direct and proximate result of Defendant's interference with his CFRA leave rights, Plaintiff has suffered and continues to suffer economic damages including lost wages, lost benefits, and loss of future earning capacity.

68.    As a direct and proximate result of Defendant's interference with his CFRA leave rights, Plaintiff has suffered and continues to suffer non-economic damages including emotional distress, anxiety, humiliation, and loss of enjoyment of life.

11

Complaint for Damages

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks judgment against all Defendants, and each of them, on all Causes of Action for:

1.      General/non-economic damages, in a sum to be ascertained according to proof;

2.      Loss of wages, income, earnings, earning capacity, benefits, and other economic damages in a sum to be ascertained according to proof;

3.      Other actual, consequential, special, and/or incidental damages in a sum to be ascertained according to proof;

4.      Attorney fees and costs of suit pursuant to statute;

5.      Costs of suit herein incurred;

6.      Pre-judgment interest; and

7.      For such other and further relief as this Court may deem just and proper.

Dated: December 19, 2025                    KENT | PINCIN, LLP

By:_____
Michael J. Kent
Emily R. Pincin
Ashley E. Kim
*Attorneys for Plaintiff*
RIGO RODRIGUEZ

Complaint for Damages

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial.

Dated: December 19, 2025                    KENT | PINCIN, LLP


By:_____
Michael J. Kent
Emily R. Pincin
Ashley E. Kim
*Attorneys for Plaintiff*
RIGO RODRIGUEZ

13
Complaint for Damages

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Michael J Kent (SBN 298564), Emily R. Pincin (SBN 334566), Ashley E Kim (SBN 339240)<br>120 Fisherman's Wharf<br>Redondo Beach, CA 90277 | *FOR COURT USE ONLY* |
|---|---|
| TELEPHONE NO.: (310) 474-4991    FAX NO. : <br> EMAIL ADDRESS: aed@kentpincinlaw.com <br> ATTORNEY FOR *(Name):* Rigo Rodriguez | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Kern<br>By: Alexandra Valles-Guerrero<br>Deputy Clerk<br>**12/19/25 10:00 AM** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Kern
STREET ADDRESS: 1215 Truxtun Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Bakersfield, CA 93301
BRANCH NAME: Metro Justice Building

CASE NAME:
VS.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ **Unlimited**<br>(Amount<br>demanded<br>exceeds $35,000) | ☐ **Limited**<br>(Amount<br>demanded is<br>$35,000 or less) | ☐ Counter     ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 25CUB01031 |
| | | | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☐ Large number of separately represented parties
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☐ Substantial amount of documentary evidence
d. ☐ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify):* Six Discrimination, Retaliation, Failure to prevent, Failure to engage IP, CFRA Retal., CFRA Interference
5. This case ☐ is  ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 19, 2025
Ashley E. Kim

_____
(TYPE OR PRINT NAME)     ▶     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.     **Page 1 of 2**

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2024]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courts.ca.gov*

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

| | | FOR COURT USE ONLY |
|---|---|---|
|  | **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF KERN**<br>Bakersfield Metropolitan Justice<br>1215 Truxtun Ave<br>Bakersfield, CA 93301<br>Phone: (661) 610-6000 | FILED<br>SUPERIOR COURT OF<br>CALIFORNIA<br>COUNTY OF KERN<br><br>December 19, 2025<br><br>/s/ Alexandra Valles-Guerrero,<br>Deputy Clerk |
| Rigo Rodriguez v. Denny's Corporation, a Delaware Corporation et al | | |
| Notice of Assignment to Judicial Officer for All Purposes, Notice of Order to Show Cause Re: California Rules of Court, Rule 3.110, and Notice of Case Management Conference | | Case Number:<br>25CUB01031 |

By order of the presiding judge, the above-entitled case is assigned to the Honorable Gregory A. Pulskamp for all purposes. It will be managed in Department/Division J until its conclusion. Peremptory challenges, if any, must be made within the times set out in Code of Civil Procedure §170.6.

To Plaintiff(s) and Plaintiff(s) Counsel:
You are required to serve this Notice of Assignment and Notice of Order to Show Cause date and Notice of Case Management Conference date with the Summons, Complaint [Local Rule 3.7(a), Alternative Dispute Resolution (ADR) Information Packet, and ADR Stipulation and Order Form (California Rules of Court, Rule 3.221).

You are ordered to appear on April 3, 2026 at 8:30 A.M. in Division J at 1215 Truxtun Ave, Bakersfield, CA 93301 to give any legal reason why sanctions shall not be imposed for failure to serve the complaint on all named defendants and file proof(s) of service with the court within sixty (60) days after the filing of the complaint pursuant to California Rules of Court, Rule 3.110. All appearances are mandatory, unless the court receives the required proof(s) of service five (5) court days prior to the hearing date, and then no appearance is necessary.

To each party and their respective attorney(s) of record:
Your attention is directed to the California Rules of Court and the Code of Civil Procedure provisions regarding mandatory expedited jury trial procedures, specifically to California Rules of Court Rules 3.1546, et seq., and Code of Civil Procedure section 630.20, et seq.

This case is set for Case Management Conference on June 18, 2026 at 8:30 A.M. in Division J located at 1215 Truxtun Ave, Bakersfield, CA 93301. Parties shall comply with and file case management statements at least fifteen (15) days prior to the conference in accordance with California Rules of Court, Rules 3.720 – 3.730.

To Cross Complainant(s) and Cross Complainant(s) Counsel:
If you are bringing cross complaint against new parties, you are, likewise, required to serve this Notice of Assignment pursuant to California Rules of Court, Rule 3.110, Notice of Order to Show Cause date and Notice of Case Management Conference date on the new cross defendants.

Tara Leal
Clerk of the Superior Court

Date: December 19, 2025

By:   /s/ Alexandra Valles-Guerrero
      Alexandra Valles-Guerrero, Deputy Clerk

Rigo Rodriguez v. Denny's Corporation, a Delaware Corporation et al
25CUB01031

The Clerk of the Superior Court's office has received a civil complaint from you for filing. Pursuant to the Trial Court Delay Reduction Act, your case has been assigned to the Honorable Gregory A. Pulskamp as monitoring judge.

Judge Gregory A. Pulskamp has instituted a direct calendaring system for all cases assigned to him/her as the monitoring judge.

All law and motion, case management and trial setting conferences, ex parte matters and trials will be scheduled before him/her in Division J at 1215 Truxtun Ave, Bakersfield, CA 93301.

Law & Motion and Ex-Parte hearing dates must be pre-cleared by contacting the Direct Calendaring Clerk at 661-610-6460. Tentative rulings are not provided in advance of the hearing.

At the time of filing the complaint, plaintiff's counsel will be given a Notice of Case Management Conference which sets a conference approximately one hundred eighty (180) days after filing of the complaint. This notice must be served with the summons and complaint on all defendants. Defendants must serve the notice on all cross-defendants named. The notice must also be served on interveners and lien claimants.

Pursuant to Local Rule 3.2.1. a party wishing to appear remotely in any civil proceeding other than an evidentiary hearing or trial, including conferences and law and motion hearings, is permitted to appear without advance notice to the court or other parties. By appearing remotely those persons will be deemed to have requested a remote appearance. Instructions for accessing Remote Court Hearings can be found on the court's website. Each judicial officer retains the discretion to require a party to appear in person at a conference, hearing, or proceeding, as authorized by Code of Civil Procedure section 367.75. Remote proceedings for evidentiary hearings or trials in all divisions shall be noticed and conducted as authorized by Code of Civil Procedure section 367.75 and California Rules of Court, rule 3.672.

The Court does not provide court reporters for civil matters. Parties wishing to have a matter reported must provide their own reporter. The court maintains a list of pre-approved official reporters pro tem. Your preferred reporter can be added to this list. Information regarding the court's list is on the court's website.

Another judge will hear settlement conferences in cases assigned to Judge Gregory A. Pulskamp. However, those cases that do not settle will be set for trial before him/her.

Rigo Rodriguez v. Denny's Corporation, a Delaware Corporation et al
25CUB01031

Superior Court Of California County Of Kern Special Rules Relating To Case Management Conferences

At least fifteen (15) days prior to the case management conference, each party shall prepare, file and serve on each other party a case management conference statement providing the Court with the following information:

1. The "at-issue" status of the case including any new parties that may be contemplated;

2. A brief statement of the type of case and the general facts or contentions;

3. A description of the discovery done to date and that contemplated to be done;

4. Estimated time for trial and whether a jury is demanded;

5. Whether or not the case is entitled to priority in trial setting and if so, the legal authority thereof;

6. An evaluation of the case for alternative dispute resolution, including arbitration (judicial or binding), mediation or private judge handling;

7. If a person injury action, a description of the injuries sustained by each plaintiff and the elements of claimed damage;

8. A statement of any settlement negotiations undertaken thus far;

9. The name of the attorney primary responsible for the case on behalf of the party filing the statement.

More than one party may join in the filing of a single statement.

The case management conference shall be attended by the attorney primarily responsible for the case on behalf of each party or a member of his or her firm or counsel formally associated in the case. The attorney attending shall be thoroughly familiar with the case, and be able to engage in meaningful discussions with court and counsel, and to enter into agreements on behalf of his or her client on the following subjects:

1. The "at-issue" status of the case including the dismissal of the unnamed doe defendants or cross-defendants by agreement of all parties;

2. Discovery conducted and remaining to be done;

3. Amenability of the case to alternative dispute resolution including, but no limited to, arbitration (judicial or binding), mediation, and private judge handling.

4. Delineation of issues including stipulation of facts not in substantial controversy;

5. Settlement prospects;

6. Setting the matter for trial, pre-trial conferences, settlement conference or further case management conference;

7. Any other matters relevant to the processing of the case to a final resolution.

Any violation of these rules shall result in the imposition of substantial sanctions which may include monetary, issue, termination, or other appropriate sanctions.

Rigo Rodriguez v. Denny's Corporation, a Delaware Corporation et al
25CUB01031

Certificate of Service

The undersigned, of said Kern County, certify:  That I am a Deputy Clerk of the Superior Court of the State of California, in and for the County of Kern, that I am a citizen of the United States, over 18 years of age, I reside in or am employed in the County of Kern, that I am not a party to the within action and that my business address is 1215 Truxtun Ave, Bakersfield, CA 93301, that I served the Notice of Assignment to Judicial Officer for All Purposes, Notice of Order to Show Cause Re: California Rules of Court, Rule 3.110, and Notice of Case Management Conference attached hereto on all interested parties and any respective counsel of record in the within action, following standard Court practices, by: (a) enclosing true copies thereof in a sealed envelope(s) with postage fully prepaid and depositing/placing for collection and delivery in the United States mail at Bakersfield, California; and/or (b) enclosing true copies thereof in a Kern County interoffice envelope(s) and placing for collection and delivery; and/or (c) electronically transmitting true copies thereof by electronic service or e-mail. Service address(es) are indicated on the attached service list.

Date of service:          December 19, 2025

Place of service:         Bakersfield, California

Sent from electronic service address: donotreply@kern.courts.ca.gov

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Tara Leal
Clerk of the Superior Court

Date:  December 19, 2025

By:      /s/ Alexandra Valles-Guerrero
         Alexandra Valles-Guerrero, Deputy Clerk

Rigo Rodriguez v. Denny's Corporation, a Delaware Corporation et al
25CUB01031

Service List

Ashley R Kim
120 Fishermans Wharf
Redondo Beach, CA  90277
aed@kentpincinlaw.com

Emily R. Pincin
120 Fishermans Wharf
Redondo Beach, CA  90277
erp@kentpincinlaw.com

Michael J. Kent
120 Fishermans Wharf
Redondo Beach, CA  90277
mjk@kentpincinlaw.com

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | *FOR COURT USE ONLY* |
|---|---|
| TELEPHONE NO.:                          FAX NO *(Optional)*.: | |
| E-MAIL ADDRESS *(Optional)*: | |
| ATTORNEY FOR *(Name)* : | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF:

DEFENDANT:

| ADR STIPULATION AND ORDER FORM | CASE NUMBER: |
|---|---|

1.  Pursuant to California Rule of Court 3.221(a)(4), the parties and their attorneys stipulate that all claims in

    this action will be submitted to the following alternative dispute resolution (ADR) process:

    a.  ☐ Private Mediation.

    b.  ☐ Neutral Evaluation.

    c.  ☐ Binding Arbitration.

    d.  ☐ Referee/Special Master.

    e.  ☐ Settlement Conference with Private Neutral.

    f.  ☐ Non-binding Judicial Arbitration pursuant to CCP§1141.10 et seq., and applicable Rules of Court.

    g.  ☐ Discovery will remain open until 30 days before trial.

    h.  ☐ Other:

2.  It is also stipulated that

    a.                                                              (name of individual neutral, not organization)

        has consented to and will serve as

    b.                                              (neutral function/process) and that the session will take place on

    c.                                  (enter a FIRM date) and that all persons necessary to effect a settlement
        and having full authority to resolve the dispute will appear at such session.

CEB | Essential
ceb.com | Forms

| PLAINTIFF: | CASE NUMBER: |
|---|---|
| DEFENDANT: | |

3. Date:

    a.   On behalf of Plaintiff/s

_____    _____
(TYPE OR PRINT NAME)                      (SIGNATURE OF PLAINTIFF OR ATTORNEY)

_____    _____
(TYPE OR PRINT NAME)                      (SIGNATURE OF PLAINTIFF OR ATTORNEY)

        ❏ Continued on *Attachment 3a* (form MC-025).

    b.   On behalf of Defendant/s

_____    _____
(TYPE OR PRINT NAME)                      (SIGNATURE OF DEFENDANT OR ATTORNEY)

_____    _____
(TYPE OR PRINT NAME)                      (SIGNATURE OF DEFENDANT OR ATTORNEY)

        ❏ Continued on *Attachment 3a* (form MC-025).

4. ORDER:

    a.   ❏ The ADR process is to be completed by

    b.   ❏ The Case Management Conference currently set for       , at

                    ❏ a.m. ❏ p.m. in Department         :

        i.    ❏   Remains on calendar.

        ii.   ❏   Is hereby vacated.

    c.   ❏ Mediation Status Review.

    d.   ❏ Case Status Review re:

    e.   ❏ Final Case Management Conference is set for     , at     ❏ a.m.

           ❏ p.m. in Department

    f.   ❏ Judicial Arbitration Order Review Hearing will be set by notice upon assignment of arbitrator.

**IT SO ORDERED.**

Date:                             _____
                                 JUDICIAL OFFICER

CEB | Essential Forms
ceb.com

SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN
ALTERNATIVE DISPUTE RESOLUTION (ADR)
INFORMATION PACKET



Kern County Superior Court encourages, and under certain circumstances, may require parties to try ADR before trial.  Courts have also found ADR to be beneficial when used early in the case process.  The courts, community organizations and private providers offer a variety of ADR processes to help people resolve disputes without a trial.  Below is information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local arbitrator, mediator or neutral evaluator. You may find more information about these ADR processes at www.courts.ca.gov/programs/adr.

## Possible Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial depending on the type of ADR process used as well as the particular type of case involved.

Possible Advantages:  Saves time; saves money; gives the parties more control over the dispute resolution process and outcome; helps to preserve and/or improve party relationships.

Possible Disadvantages:  May add additional time and costs to the litigation if ADR does not resolve the dispute; procedures such as discovery, jury trial, appeals, and other legal protections may be limited or unavailable.

## Most Common Types of ADR
Mediation:  A neutral person or "mediator" helps the parties communicate in an effective and constructive manner so the parties can try to resolve their dispute.  The mediator does not decide the outcome, but helps the parties to do so.  Mediation is generally confidential and may be particularly useful where ongoing relationships are involved, such as between family members, neighbors, employers/employees or business partners.

Settlement Conferences:  A judge or another neutral person assigned by the court helps the parties to understand the strengths and weaknesses of their case and to discuss settlement.  The judge or settlement conference neutral does not make a decision in the case but helps the parties to negotiate a settlement.  Settlement conferences may be particularly helpful when the parties have very different views about the likely outcome of a trial in their case.

Neutral Evaluation:  The parties briefly and informally present their facts and arguments to a neutral person who is often an expert in the subject matter of the dispute.  The neutral does not decide the outcome of the dispute, but helps the parties to do so by providing them with a non-binding opinion about the strengths, weaknesses and likely outcome of their case.  Depending on the neutral evaluation process, and with the parties' consent, the neutral may then help the parties try to negotiate a settlement.  Neutral evaluation may be appropriate when the parties desire a neutral's opinion about how the case might be resolved at trial; and, if the primary dispute is about the amount of damages or technical issues, the parties would like a neutral expert to resolve those disputes.

Arbitration:  The parties present evidence and arguments to a neutral person or "arbitrator" who then decides the outcome of the dispute.  Arbitration is less formal than a trial, and the rules of evidence are generally more relaxed.  If the parties agree to *binding* arbitration, they waive their right to a jury trial and agree to accept the arbitrator's decision.  With *nonbinding* arbitration, any party may reject the arbitrator's decision and request a trial.  Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time and expense of a trial, or desire an expert in the subject matter of their dispute to make a decision.

## Local Court ADR Programs

The Superior Court, County of Kern offers two types of ADR:  Arbitration in cases in which the amount in controversy as to each plaintiff is $50,000 or less; and DRPA mediation services on the day of the hearing, settlement conference or trial.

**Arbitration:**  The Superior Court of California, County of Kern does use Arbitrators in civil cases where the amount in controversy as to each individual plaintiff is $50,000 or less.  The Court may order the parties to Arbitration or the parties may agree to Arbitration any time before the first case management conference statement is filed. See Local Rule 3.14 at https://www.kern.courts.ca.gov/system/files/local_rules_of_court.pdf

**Dispute Resolution Program Act (DRPA):**  The Superior Court of California, County of Kern also offers mediation services in small claims and unlawful detainer, civil harassment, family law and probate matters.  The Court has contracted with the Better Business Bureau (BBB) under the Dispute Resolution Programs Act (DRPA) to provide these mediation services.  For more information about BBB Mediation Services go to https://www.bbb.org/local-bbb/bbb-serving-central-california-and-inland-empire-counties.

## ADR Coordinator:

Although complaints about arbitrators and mediators are rare, the Superior Court of California, County of Kern does provide a complaint procedure in our Local Rules, Rule 3.14.7.  If you have a complaint or a concern with any of this Court's ADR programs, or simply have a question about ADR, please contact the ADR Administrator at ADRAdministrator@kern.courts.ca.gov or 661-868-5695.

## Resources:

**California Department of Consumer Affairs:**  https://www.dca.ca.gov/consumers/mediation_guides.shtml

**Judicial Branch California Courts – ADR:** www.courts.ca.gov/selfhelp-adr.htm

**ADR Stipulation Form:** https://www.kern.courts.ca.gov/system/files/adr_stipulation_and_order_form.pdf

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                      GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

December 18, 2025

Ashley Kim
120 Fisherman's Wharf
Redondo Beach, CA 90277

RE:     **Notice to Complainant's Attorney**
        CRD Matter Number: 202512-32722318
        Right to Sue: Rodriguez / Denny's Corporation et al.

Dear Ashley Kim:

Attached is a copy of your complaint of discrimination filed with the Civil Rights Department (CRD) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, CRD will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the CRD does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 2025/11)

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**Civil Rights Department**

KEVIN KISH, DIRECTOR

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

December 18, 2025

RE:   **Notice of Filing of Discrimination Complaint**
      CRD Matter Number: 202512-32722318
      Right to Sue: Rodriguez / Denny's Corporation et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil Rights Department (CRD) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for CRD's Small Employer Family Leave Mediation Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Reproductive Loss Leave, or Bereavement Leave (Government Code sections 12945.2, 12945.6, or 12945.7) has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation.  The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. You may contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@calcivilrights.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to CRD is requested or required.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 2025/11)

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**Civil Rights Department**

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

December 18, 2025

Rigo Rodriguez
120 Fishermans Wharf
REDONDO BEACH,  90277

RE:   **Notice of Case Closure and Right to Sue**
CRD Matter Number: 202512-32722318
Right to Sue: Rodriguez / Denny's Corporation et al.

Dear Rigo Rodriguez:

This letter informs you that the above-referenced complaint filed with the Civil Rights
Department (CRD) has been closed effective December 18, 2025 because an
immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

This matter may qualify for CRD's Small Employer Family Leave Mediation
Program. Under this program, established under Government Code section
12945.21, a small employer with 5 -19 employees, charged with violation of the
California Family Rights Act, Reproductive Loss Leave, or Bereavement Leave
(Government Code sections 12945.2, 12945.6, or 12945.7) has the right to
participate in CRD's free mediation program. Under this program both the
employee requesting an immediate right to sue and the employer charged with
the violation may request that all parties participate in CRD's free mediation
program. The employee is required to contact the Department's Dispute
Resolution Division prior to filing a civil action and must also indicate whether
they are requesting mediation. The employee is prohibited from filing a civil
action unless the Department does not initiate mediation within the time period
specified in section 12945.21, subdivision (b) (4), or until the mediation is
complete or is unsuccessful. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled
from the date the employee contacts the Department regarding the intent to
pursue legal action until the mediation is complete or is unsuccessful. Contact
CRD's Small Employer Family Leave Mediation Pilot Program by emailing
DRDOnlinerequests@calcivilrights.ca.gov and include the CRD matter number
indicated on the Right to Sue notice.

CRD - ENF 80 RS (Revised 2025/11)

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

After receiving a Right-to-Sue notice from CRD, you may have the right to file your complaint with a local government agency that enforces employment anti-discrimination laws if one exists in your area that is authorized to accept your complaint. If you decide to file with a local agency, you must file before the deadline for filing a lawsuit that is on your Right-to-Sue notice. Filing your complaint with a local agency does not prevent you from also filing a lawsuit in court.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 2025/11)

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**Civil Rights Department**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Rigo Rodriguez

Complainant,

vs.

Denny's Corporation

,

Denny's Inc.

,

Respondents

CRD No. 202512-32722318

_____

1. Respondent **Denny's Corporation** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant is naming **Denny's Inc.** business as Co-Respondent(s).

3. Complainant **Rigo Rodriguez**, resides in the City of **REDONDO BEACH,** State of .

4. Complainant alleges that on or about **December 18, 2025**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's association with a member of a protected class, family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies and as a result of the discrimination was terminated, denied any employment benefit or privilege, denied work opportunities or assignments, denied employer paid health care while on family care and medical leave (cfra), denied family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies.

**Complainant experienced retaliation** because complainant requested or used a disability-related accommodation, requested or used family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies and as a result was terminated, denied any employment benefit or privilege, denied work opportunities or assignments, denied employer paid health care while on family care and

-1-

*Complaint – CRD No. 202512-32722318*

Date Filed: December 18, 2025

CRD-ENF 80 RS (Revised 2025/11)

medical leave (cfra), denied family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies.

**Additional Complaint Details:** Between approximately December 10, 2022, and until his unlawful termination on or around June 20, 2025, Complainant was employed by Respondents. At the time of his termination, Complainant was a part-time cook.

During his tenure with Respondents, Complainant performed his job duties in a competent fashion and capably performed each and every condition of his employment agreement. Complainant was qualified for his position by reason of his experience and training.

On or around June 4, 2025, Complainant engaged in protected activity when he advised his supervisor Melissa Hernandez of a family medical emergency involving his daughter and her mental health issues. Supervisor Hernandez verbally approved his leave request so that he could tend to his daughter who was going through a mental health crisis, and instructed Complainant to contact her when he was able to return.

Approximately two weeks later, Complainant contacted Supervisor Hernandez informing her that he was ready to return to work. In discrimination and/or retaliation, despite approving his leave request to tend to his family's medical emergency, Supervisor Hernandez informed Complainant only that she would "see what she could do."

Thereafter, Complainant continued to follow up approximately once a week with Supervisor Hernandez regarding his return to work.

In or around the beginning of July 2025, Supervisor Hernandez finally responded to Complainant's multiple requests to return to work.  Supervisor Hernandez informed Complainant that she would "try" to get Complainant on schedule three days a week. Complainant agreed to this proposal, notwithstanding his initial understanding that he would be permitted to return to his regular work schedule following his necessary leave to care for a child who had a serious health condition/disability.

In further discrimination and/or retaliation, Supervisor Hernandez did not place Complainant on the work schedule; thus, Complainant followed up again with Supervisor Hernandez asking when he would be placed on schedule to work. In further discrimination and/or retaliation, Supervisor Hernandez did not respond to Complainant's requests.

From mid-June 2025 to approximately August 2025, in further discrimination and/or retaliation, Complainant was not placed on the work schedule, received no communication from Human Resources, received no write-ups, performance plans, or a termination letter. As such, by the end of August 2025, Complainant understood and reasonably believed that he had been terminated from his employment.

Complainant later learned that Respondents had terminated him on June 20, 2025, despite never notifying Complainant of his termination.

Respondents repeatedly discriminated against Complainant on the basis of his association with individuals with disabilities, and/or perceived disabilities, and for engaging in protected activity. Respondents retaliated against Complainant for asserting his rights. Complainant was also denied a good faith interactive process and one or more reasonable accommodations. Complainant has suffered economic and noneconomic damages as a result thereof. The wrongful conduct was allowed, permitted, condoned, ratified, and enabled by Respondents and their agents. The true names and capacities of all individuals

-2-
*Complaint – CRD No. 202512-32722318*

Date Filed: December 18, 2025

CRD-ENF 80 RS (Revised 2025/11)

responsible for the conduct alleged herein, whether individual, corporate, associate, or otherwise, are unknown to Complainant at this time. Witnesses include people from Respondents that are involved in the facts and circumstances of this claim. All of Complainant's supervisors and co-workers, administration at Respondents, all the members of Respondents' Human Resources Department including, but not limited to the people who were involved in any way, shape, or form in any investigation (formal or otherwise), all individuals involved in the failure to accommodate and failure to engage in the interactive process, and all people that were involved in Complainant's termination or other adverse acts against Complainant, amongst others presently unknown to Complainant. All of these people play a role in what goes on at Respondent, and this Claim puts YOU on notice that Complainant will seek discovery and evidence, and put the same on at trial, as to all these people and all their actions in the years before and after the specific acts outlined in this Claim.

-3-
*Complaint – CRD No. 202512-32722318*

Date Filed: December 18, 2025

CRD-ENF 80 RS (Revised 2025/11)

VERIFICATION

I, **Ashley Kim**, am the **Attorney** in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The matters alleged are based on information and belief, which I believe to be true. The matters alleged are based on information and belief, which I believe to be true.

On December 18, 2025, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Redondo Beach, California**

-4-
*Complaint – CRD No. 202512-32722318*

Date Filed: December 18, 2025

CRD-ENF 80 RS (Revised 2025/11)

# EXHIBIT C

Annureet K. Bezwada, Bar No. 297883
abezwada@littler.com
Matt Maler, Bar No. 343580
mmaler@littler.com
LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, California 93704.2225
Telephone:     559.244.7500
Facsimile:     559.244.7525

Attorneys for Defendants
DENNY'S CORPORATION and DENNY'S INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF KERN

| | |
|---|---|
| RIGO RODRIGUEZ, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>DENNY'S CORPORATION, a Delaware Corporation; DENNY'S INC., a Florida Corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 25CUB01031<br><br>**DEFENDANT DENNY'S INC.'S ANSWER TO COMPLAINT**<br><br>ASSIGNED FOR ALL PURPOSES TO HON. GREGORY A. PULSKAMP DEPT. J<br><br>Trial Date:          None Set<br>Complaint Filed:     December 19, 2025 |

1

DEFENDANT DENNY'S INC.'S ANSWER TO COMPLAINT

Defendant DENNY'S INC. ("Defendant") hereby answers RIGO RODRIGUEZ's ("Plaintiff") complaint for damages ("Complaint") as follows:

## GENERAL DENIAL

Pursuant to the provisions of California Code of Civil Procedure section 431.30, Defendant generally denies each and every allegation contained in Plaintiff's Complaint, and further denies that Plaintiff is entitled to penalties, attorneys' fees, costs of suit, general damages, special damages, compensatory damages, interest, injunctive relief, or any other relief of any kind whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following affirmative and other defenses, which it has designated, collectively, as "affirmative defenses." Defendant's designation of its defenses as "affirmative" is not intended to alter Plaintiff's burden of proof with regard to any element of his causes of action. Moreover, Defendant does not presently know all the factors concerning Plaintiff's conduct sufficient to state all affirmative defenses at this time.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1. As a separate and distinct defense, Defendant alleges the Complaint, and each and every cause of action alleged therein, fails, in whole or in part, to state facts sufficient to constitute a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

2. As a separate and distinct defense, Defendant alleges the Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, by the applicable statutes of limitation including, but not limited to, California *Government Code* Sections 12960, 12965, and 12965(b), California *Code of Civil Procedure* section 335.1, 338(a), and 340(a), and/or California *Business and Professions Code* section 17208.

///

///

///

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, California 93704.2225
559.244.7500

2                                                        Case No. 25CUB01031

DEFENDANT DENNY'S INC.'S ANSWER TO COMPLAINT

## THIRD AFFIRMATIVE DEFENSE

### (Waiver)

3.     As a separate and distinct defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action set forth therein, or some of them, are barred, in whole or in part, by the equitable doctrine of waiver.

## FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

4.     As a separate and distinct defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action set forth therein, or some of them, are barred, in whole or in part, by the equitable doctrine of estoppel.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

5.     As a separate and distinct defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action set forth therein, or some of them, are barred, in whole or in part, by the equitable doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences – Failure to Mitigate)

6.     As a separate and distinct defense, Defendant alleges the Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, by the doctrine of avoidable consequences because Plaintiff could have taken reasonable steps to avoid or mitigate the damages claimed. Plaintiff's failure bars and/or diminishes any recovery against Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

7.     As a separate and distinct defense, Defendant alleges based on information and belief, that Plaintiff's Complaint falls outside the jurisdiction of this Court in that Plaintiff has failed to satisfy the

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, California 93704.2225
559.244.7500

jurisdictional prerequisites to bringing this lawsuit by exhausting the available administrative remedies as required by law.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Outside Course and Scope – No Ratification)**

8.     As a separate and distinct defense, Defendant alleges, based on information and belief, that any and all conduct of any and all individuals of the type alleged in the Complaint, if and to the extent that it occurred at all, was outside the course and scope of such persons' agency and employment with Defendant and was neither known to, nor ratified by, Defendant.

**NINTH AFFIRMATIVE DEFENSE**

**(Bad Faith and/or Frivolous Claims)**

9.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are unreasonable, were filed in bad faith, and/or are frivolous and, for such reasons, justify an award of attorneys' fees and costs against Plaintiff and/or his attorneys pursuant to California law including, but not limited to California Code of Civil Procedure section 128.5, California Government Code section 12965(b), and/or California Labor Code section 218.5.

**TENTH AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Internal Remedies)**

10.     As a separate and distinct defense, Defendant alleges, based on information and belief, that the Complaint and each cause of action set forth therein, or some of them, are barred, in whole or in part, by Plaintiff's failure to exhaust appropriate internal remedies.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Consent)**

11.     As a separate and distinct defense, Defendant is informed and believes that further investigation and discovery will reveal and, on that basis alleges, that the Complaint and each cause of action set forth therein, or some of them, are barred, in whole or in part, by Plaintiff's express or implied consent to the conduct attributed to Defendant.

///

///

DEFENDANT DENNY'S INC.'S ANSWER TO COMPLAINT

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, California 93704.2225
559.244.7500

## TWELFTH AFFIRMATIVE DEFENSE

### (Doctrine of After-Acquired Evidence)

12.    As a separate and distinct defense, Defendant is informed and believes that further investigation and discovery will reveal and, on that basis alleges, that any recovery on Plaintiff's Complaint or any cause of action alleged therein is barred due to after-acquired evidence, which independently justified the termination of Plaintiff's employment.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Mixed Motive/Same Decision Defense)

13.    As a separate and distinct affirmative defense, Defendant alleges Plaintiff's Complaint and each cause of action set forth therein cannot be maintained against Defendant because if any unlawful retaliatory motive existed in connection with any employment decision involving Plaintiff (which Defendant denies), any and all claims for damages are nevertheless barred because such employment decision(s) would have been the same even without any such allegedly unlawful retaliatory motive. Defendant thus herewith asserts the "mixed motives" defense and/or the "same decision" defense.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Managerial Privilege/Immunity)

14.    As a separate and distinct defense, Defendant alleges, without admitting that they engaged in any of the acts or omissions alleged in Plaintiff's Complaint, that any such acts or omissions were privileged pursuant to the managerial privilege and immunity in that all actions taken with respect to Plaintiff's employment were undertaken and exercised with proper managerial discretion in good faith and for proper, lawful reasons.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Acted in Good Faith And With Good Cause)

15.    As a separate and distinct defense, Defendant alleges, without admitting that Defendant engaged in any of the acts or omissions alleged in Plaintiff's Complaint, that the Complaint and each cause of action set forth therein cannot be maintained because good cause existed for each and every action taken by Defendant with respect to Plaintiff, and Defendant acted reasonably and in good faith, at all times, based upon all relevant facts and circumstances known by Defendant at the time it acted.

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, California 93704.2225
559.244.7500

DEFENDANT DENNY'S INC.'S ANSWER TO COMPLAINT

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Plaintiff's Failure to Engage in the Interactive Process)

16.    As a separate and distinct defense, Defendant alleges that assuming, *arguendo*, Plaintiff was disabled, Plaintiff did not fully participate in and/or exhaust his obligation to request a reasonable accommodation.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Hardship)

17.    As a separate and distinct defense, Defendant alleges that the Complaint and each cause of action set forth therein is barred because any alleged accommodations that Plaintiff purportedly sought or now claims should have been offered above and beyond what Defendant was reasonably able to provide would have caused an undue hardship.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Failure to Report Harassment or Retaliation)

18.    As a separate and distinct defense, Defendant alleges that Plaintiff is barred from recovery because Plaintiff unreasonably failed to comply with Defendant's policies and procedures for reporting discrimination.

### RESERVATION OF ADDITIONAL DEFENSES

Defendant does not presently know all of the facts concerning the conduct of Plaintiff and Plaintiff's claims sufficient to state all affirmative defenses at this time.  Accordingly, Defendant expressly reserves the right to amend this Answer should Defendant later discover facts demonstrating the existence of additional affirmative defenses.

///

///

///

///

///

///

///

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, California 93704.2225
559.244.7500

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for relief as follows:

1.      That Plaintiff takes nothing by way of his Complaint in relation to Defendant;

2.      That judgment be entered in Defendant's favor and against Plaintiff on all causes of action;

3.      That the Complaint be dismissed with prejudice and that judgment be entered against Plaintiff and in favor of Defendant on each claim;

4.      That Defendant be awarded costs of suit and attorneys' fees incurred herein as allowed by law; and

5.      That Defendant be awarded for such further relief as the Court deems just and proper.

Dated:  January 22, 2026                    LITTLER MENDELSON, P.C.


_____
Annureet K. Bezwada
Matt Maler
Attorneys for Defendant
DENNY'S CORPORATION and DENNY'S INC.

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, California 93704.2225
559.244.7500

7                                                    Case No. 25CUB01031

DEFENDANT DENNY'S INC.'S ANSWER TO COMPLAINT

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 5200 North Palm Avenue, Suite 302, Fresno, California 93704.2225. On January 22, 2026, I served the within document(s):

### DEFENDANT DENNY'S INC.'S ANSWER TO COMPLAINT

☐ By facsimile transmission at or about _____ on that date. This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number _____. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

☒ By placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Fresno, California addressed as set forth below.

☐ By depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery and addressed as set forth below.

☐ By personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ By messenger service. I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a professional messenger service for service. (A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)

☐ By Electronic Service. Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed below.

Michael J. Kent, Esq. (SBN 298564)
Emily R. Pincin, Esq. (SBN 334566)
Ashley E. Kim, Esq. (SBN 339240)
KENT I PINCIN, LLP
120 Fisherman's Wharf
Redondo Beach, CA 90277
Tel:    (310) 474-4991
E-mail:    mjk@kentpincinlaw.com
            erp@kentpincinlaw.com
            aed@kentpincinlaw.com

*Attorneys for Plaintiff*
*RIGO RODRIGUEZ*

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, California 93704.2225
559.244.7500

8                                                          Case No. 25CUB01031

DEFENDANT DENNY'S INC.'S ANSWER TO COMPLAINT

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and this Declaration was executed at Fresno, California on January 22, 2026.

*Kisten Jensen*
Kisten Jensen

4899-7517-3513.1 / 111891.1077

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, California 93704.2225
559.244.7500

9    Case No. 25CUB01031

DEFENDANT DENNY'S INC.'S ANSWER TO COMPLAINT

Annureet K. Bezwada, Bar No. 297883
abezwada@littler.com
Matt Maler, Bar No. 343580
mmaler@littler.com
LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, California 93704.2225
Telephone:     559.244.7500
Facsimile:      559.244.7525

Attorneys for Defendants
DENNY'S CORPORATION and DENNY'S INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF KERN

| | |
|---|---|
| RIGO RODRIGUEZ, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>DENNY'S CORPORATION, a Delaware Corporation; DENNY'S INC., a Florida Corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 25CUB01031<br><br>**DEFENDANT DENNY'S CORPORATION'S ANSWER TO COMPLAINT**<br><br>ASSIGNED FOR ALL PURPOSES TO HON. GREGORY A. PULSKAMP DEPT. J<br><br>Trial Date:          None Set<br>Complaint Filed:   December 19, 2025 |

**DEFENDANT DENNY'S CORPORATION'S ANSWER TO COMPLAINT**

Defendant DENNY'S CORPORATION ("Defendant") hereby answers RIGO RODRIGUEZ's ("Plaintiff") complaint for damages ("Complaint") as follows:

## GENERAL DENIAL

Pursuant to the provisions of California Code of Civil Procedure section 431.30, Defendant generally denies each and every allegation contained in Plaintiff's Complaint, and further denies that Plaintiff is entitled to penalties, attorneys' fees, costs of suit, general damages, special damages, compensatory damages, interest, injunctive relief, or any other relief of any kind whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following affirmative and other defenses, which it has designated, collectively, as "affirmative defenses." Defendant's designation of its defenses as "affirmative" is not intended to alter Plaintiff's burden of proof with regard to any element of his causes of action. Moreover, Defendant does not presently know all the factors concerning Plaintiff's conduct sufficient to state all affirmative defenses at this time.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1.  As a separate and distinct defense, Defendant alleges the Complaint, and each and every cause of action alleged therein, fails, in whole or in part, to state facts sufficient to constitute a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

2.  As a separate and distinct defense, Defendant alleges the Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, by the applicable statutes of limitation including, but not limited to, California *Government Code* Sections 12960, 12965, and 12965(b), California *Code of Civil Procedure* section 335.1, 338(a), and 340(a), and/or California *Business and Professions Code* section 17208.

///

///

///

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, California 93704.2225
559.244.7500

2                                                    Case No. 25CUB01031

**DEFENDANT DENNY'S CORPORATION'S ANSWER TO COMPLAINT**

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, California 93704.2225
559.244.7500

## THIRD AFFIRMATIVE DEFENSE

### (Waiver)

3. As a separate and distinct defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action set forth therein, or some of them, are barred, in whole or in part, by the equitable doctrine of waiver.

## FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

4. As a separate and distinct defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action set forth therein, or some of them, are barred, in whole or in part, by the equitable doctrine of estoppel.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

5. As a separate and distinct defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action set forth therein, or some of them, are barred, in whole or in part, by the equitable doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences – Failure to Mitigate)

6. As a separate and distinct defense, Defendant alleges the Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, by the doctrine of avoidable consequences because Plaintiff could have taken reasonable steps to avoid or mitigate the damages claimed. Plaintiff's failure bars and/or diminishes any recovery against Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

7. As a separate and distinct defense, Defendant alleges based on information and belief, that Plaintiff's Complaint falls outside the jurisdiction of this Court in that Plaintiff has failed to satisfy the

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, California 93704.2225
559.244.7500

jurisdictional prerequisites to bringing this lawsuit by exhausting the available administrative remedies as required by law.

## EIGHTH AFFIRMATIVE DEFENSE

### (Outside Course and Scope – No Ratification)

8.     As a separate and distinct defense, Defendant alleges, based on information and belief, that any and all conduct of any and all individuals of the type alleged in the Complaint, if and to the extent that it occurred at all, was outside the course and scope of such persons' agency and employment with Defendant and was neither known to, nor ratified by, Defendant.

## NINTH AFFIRMATIVE DEFENSE

### (Bad Faith and/or Frivolous Claims)

9.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are unreasonable, were filed in bad faith, and/or are frivolous and, for such reasons, justify an award of attorneys' fees and costs against Plaintiff and/or his attorneys pursuant to California law including, but not limited to California Code of Civil Procedure section 128.5, California Government Code section 12965(b), and/or California Labor Code section 218.5.

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Internal Remedies)

10.     As a separate and distinct defense, Defendant alleges, based on information and belief, that the Complaint and each cause of action set forth therein, or some of them, are barred, in whole or in part, by Plaintiff's failure to exhaust appropriate internal remedies.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Consent)

11.     As a separate and distinct defense, Defendant is informed and believes that further investigation and discovery will reveal and, on that basis alleges, that the Complaint and each cause of action set forth therein, or some of them, are barred, in whole or in part, by Plaintiff's express or implied consent to the conduct attributed to Defendant.

///

///

**DEFENDANT DENNY'S CORPORATION'S ANSWER TO COMPLAINT**

## TWELFTH AFFIRMATIVE DEFENSE

### (Doctrine of After-Acquired Evidence)

12.    As a separate and distinct defense, Defendant is informed and believes that further investigation and discovery will reveal and, on that basis alleges, that any recovery on Plaintiff's Complaint or any cause of action alleged therein is barred due to after-acquired evidence, which independently justified the termination of Plaintiff's employment.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Mixed Motive/Same Decision Defense)

13.    As a separate and distinct affirmative defense, Defendant alleges Plaintiff's Complaint and each cause of action set forth therein cannot be maintained against Defendant because if any unlawful retaliatory motive existed in connection with any employment decision involving Plaintiff (which Defendant denies), any and all claims for damages are nevertheless barred because such employment decision(s) would have been the same even without any such allegedly unlawful retaliatory motive. Defendant thus herewith asserts the "mixed motives" defense and/or the "same decision" defense.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Managerial Privilege/Immunity)

14.    As a separate and distinct defense, Defendant alleges, without admitting that they engaged in any of the acts or omissions alleged in Plaintiff's Complaint, that any such acts or omissions were privileged pursuant to the managerial privilege and immunity in that all actions taken with respect to Plaintiff's employment were undertaken and exercised with proper managerial discretion in good faith and for proper, lawful reasons.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Acted in Good Faith And With Good Cause)

15.    As a separate and distinct defense, Defendant alleges, without admitting that Defendant engaged in any of the acts or omissions alleged in Plaintiff's Complaint, that the Complaint and each cause of action set forth therein cannot be maintained because good cause existed for each and every action taken by Defendant with respect to Plaintiff, and Defendant acted reasonably and in good faith, at all times, based upon all relevant facts and circumstances known by Defendant at the time it acted.

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, California 93704.2225
559.244.7500

**DEFENDANT DENNY'S CORPORATION'S ANSWER TO COMPLAINT**

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Plaintiff's Failure to Engage in the Interactive Process)

16.    As a separate and distinct defense, Defendant alleges that assuming, *arguendo*, Plaintiff was disabled, Plaintiff did not fully participate in and/or exhaust his obligation to request a reasonable accommodation.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Hardship)

17.    As a separate and distinct defense, Defendant alleges that the Complaint and each cause of action set forth therein is barred because any alleged accommodations that Plaintiff purportedly sought or now claims should have been offered above and beyond what Defendant was reasonably able to provide would have caused an undue hardship.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Failure to Report Harassment or Retaliation)

18.    As a separate and distinct defense, Defendant alleges that Plaintiff is barred from recovery because Plaintiff unreasonably failed to comply with Defendant's policies and procedures for reporting discrimination.

## RESERVATION OF ADDITIONAL DEFENSES

Defendant does not presently know all of the facts concerning the conduct of Plaintiff and Plaintiff's claims sufficient to state all affirmative defenses at this time.  Accordingly, Defendant expressly reserves the right to amend this Answer should Defendant later discover facts demonstrating the existence of additional affirmative defenses.

///

///

///

///

///

///

///

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, California 93704.2225
559.244.7500

**DEFENDANT DENNY'S CORPORATION'S ANSWER TO COMPLAINT**

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for relief as follows:

1.    That Plaintiff takes nothing by way of his Complaint in relation to Defendant;

2.    That judgment be entered in Defendant's favor and against Plaintiff on all causes of action;

3.    That the Complaint be dismissed with prejudice and that judgment be entered against Plaintiff and in favor of Defendant on each claim;

4.    That Defendant be awarded costs of suit and attorneys' fees incurred herein as allowed by law; and

5.    That Defendant be awarded for such further relief as the Court deems just and proper.

Dated:  January 22, 2026                                          LITTLER MENDELSON, P.C.

_____

Annureet K. Bezwada
Matt Maler
Attorneys for Defendant
DENNY'S, INC. and DENNY'S CORPORATION

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, California 93704.2225
559.244.7500

**DEFENDANT DENNY'S CORPORATION'S ANSWER TO COMPLAINT**

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 5200 North Palm Avenue, Suite 302, Fresno, California 93704.2225. On January 22, 2026, I served the within document(s):

### DEFENDANT DENNY'S CORPORATION'S ANSWER TO COMPLAINT

☐ By facsimile transmission at or about _____ on that date. This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number _____. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

☒ By placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Fresno, California addressed as set forth below.

☐ By depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery and addressed as set forth below.

☐ By personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ By messenger service. I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a professional messenger service for service. (A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)

☐ By Electronic Service. Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed below.

Michael J. Kent, Esq. (SBN 298564)
Emily R. Pincin, Esq. (SBN 334566)
Ashley E. Kim, Esq. (SBN 339240)
KENT I PINCIN, LLP
120 Fisherman's Wharf
Redondo Beach, CA 90277
Tel:     (310) 474-4991
E-mail:    mjk@kentpincinlaw.com
               erp@kentpincinlaw.com
               aed@kentpincinlaw.com

*Attorneys for Plaintiff*
*RIGO RODRIGUEZ*

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, California 93704.2225
559.244.7500

8                                                    Case No. 25CUB01031

**DEFENDANT DENNY'S CORPORATION'S ANSWER TO COMPLAINT**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and this Declaration was executed at Fresno, California on January 22, 2026.

*Kisten Jensen*
Kisten Jensen

4901-4560-6026.1 / 111891.1077

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, California 93704.2225
559.244.7500

9                                                                                    Case No. 25CUB01031

**DEFENDANT DENNY'S CORPORATION'S ANSWER TO COMPLAINT**

# EXHIBIT D

Annureet K. Bezwada, Bar No. 297883
abezwada@littler.com
Matt Maler, Bar No. 343580
mmaler@littler.com
LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, California 93704.2225
Telephone:    559.244.7500
Facsimile:    559.244.7525

Attorneys for Defendants
DENNY'S CORPORATION and DENNY'S INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF KERN

| | |
|---|---|
| RIGO RODRIGUEZ, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>DENNY'S CORPORATION, a Delaware Corporation; DENNY'S INC., a Florida Corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 25CUB01031<br><br>**NOTICE OF STATE COURT AND ADVERSE PARTIES OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>ASSIGNED FOR ALL PURPOSES TO HON. GREGORY A. PULSKAMP DEPT. J<br><br>Trial Date:          None Set<br>Complaint Filed:     December 19, 2025 |

**TO THE CLERK OF THE SUPERIOR COURT IN THE STATE OF CALIFORNIA, COUNTY OF FRESON, AND TO PLAINTIFF AND HER COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT, on June 20, 2025, Defendants DENNY'S CORPORATION and DENNY'S INC. filed a Notice of Removal to Federal Court in the United States District Court for the Eastern District of California, a copy of which is attached as Exhibit A.

PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1446(d), the filing of Defendant's Notice of Removal of Civil Action to Federal Court with the United States District Court for the Eastern District of California, together with the filing of the Notice of Removal of Civil Action to Federal Court with this Court, effects the removal of this action and this Court may proceed no further unless and until the case is remanded.

Dated:    January 23, 2026

/s/ Annureet K. Bezwada
ANNUREET K. BEZWADA
MATT MALER

LITTLER MENDELSON, P.C.

Attorneys for Defendants
DENNY'S CORPORATION and
DENNY'S INC.

LITTLER MENDELSON, P.C.
5200 North Palm Ave
Suite 320
Fresno, CA 93704.2255
559.244.7500

DEFENDANTS' NOTICE TO STATE COURT AND
ADVERSE PARTIES OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

1.

# EXHIBIT A

# EXHIBITS HERETO EXCERPTED TO AVOID FILING OF DUPLICATIVE PAPERS

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 5200 North Palm Avenue, Suite 302, Fresno, California 93704.2225. On January 23, 2026, I served the within document(s):

NOTICE OF STATE COURT AND ADVERSE

PARTIES OF REMOVAL OF CIVIL ACTION

TO FEDERAL COURT

☐ By facsimile transmission at or about _____ on that date. This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number _____. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

By placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Fresno, California addressed as set forth below.

☐ By depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery and addressed as set forth below.

☐ By personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ By messenger service. I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a professional messenger service for service. (A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)

☒ By Electronic Service. Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed below.

Michael J. Kent, Esq. (SBN 298564)
Emily R. Pincin, Esq. (SBN 334566)
Ashley E. Kim, Esq. (SBN 339240)
KENT I PINCIN, LLP
120 Fisherman's Wharf
Redondo Beach, CA 90277
Tel:    (310) 474-4991
E-mail:    mjk@kentpincinlaw.com
            erp@kentpincinlaw.com
            aed@kentpincinlaw.com
            sc@kentpincinlaw.com

*Attorneys for Plaintiff*
*RIGO RODRIGUEZ*

2                                         Case No. 25CUB01031

PROOF OF SERVICE

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, California 93704.2225
559.244.7500

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and this Declaration was executed at Fresno, California on January 23, 2026.

*Kisten Jensen*
Kisten Jensen

4921-7216-8839.1 / 111891.1077

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, California 93704.2225
559.244.7500

3                                    Case No. 25CUB01031